## Ex parte Baldwin.

### Opinion delivered May 10, 1915.

Circuit courts—adjournment.—The circuit court record showed "ordered that court adjourn until......", and immediately following was the entry "ordered that court adjourn until Thursday morning, March 4, 1915." *Held,* The record did not show that there was an adjournment without designation of another day for reconvening, and that the term did not, for that reason, lapse.

Petition for Certiorari; petition denied.

*Otis T. Wingo, J. H. Warren* and *Geo. W. Richardson,* for petitioners.

An order of adjournment made by the court in these words: "Ordered that court adjourn until . . . . " and signed by the judge, is a final adjournment of the term of court then in session. No order thereafter made by the judge adjourning the court to a day certain can give life to the term so previously adjourned, and any proceedings had in said court so adjourned the second time to a day certain is *coram non judice* and void. Kirby's Dig., §§ 1527, 1531; 82 Ark. 192; 81 Ark. 311; 20 Ark. 77; 27 Ark. 353; 37 Ark. 379; 2 Ark. 229; 62 Tex. 185; 7 S. Car. 372; 22 S. Car. 412; 2 Okla. 191; 20 Mo. App. 322; 20 Ala. 453; 89 Pac. 1005; 1 Enc. Pl. & Pr. 238-242; 112 N. W. 192; Cooley's Blackstone, 185-186; 39 Ark. 448; 1 Comyn's Dig. 455-456; 45 N. W. 817-18; 77 Wis. 121; 22 Ala. 57-59; 22 Ark. 278; 57 Ark. 9.

*Wm. L. Moose,* Attorney General, and *Jno. P. Streepey,* Assistant, for respondent.

Special adjourned sessions of the court may be held upon proper order duly entered of record. Kirby's Dig. § 1531 and note. Where the time of beginning but not the ending of the term is fixed, the term when begun, will continue until some affirmative judicial act, such as adjournment *sine die,* has ended it. 21 Enc. Pl. & Pr. 631.

The circuit court has authority to adjourn over until a day after court was held in another county. 104 Ark. 629; 81 Ark. 311.

The record can only be impeached by showing that it is a forgery, and in the absence of such showing, it is conclusive of every fact embodied in it. 3 Rice on Evidence, 62; Jones on Evidence, § 610; 79 Am. St. Rep. 352 and note.

Failure of the clerk to enter the order of adjournment from the 5th to the 6th of February would not affect the validity of the proceedings on the 6th. 34 Ga. 348; 8 Col. 210; 1 Enc. Pl. & Pr. 242.

A term of court is deemed to constitute but one day, and the orders of adjournment from day to day are mere announcements of the order of business to come before it during the term. 13 Ark. 653; 21 Enc. Pl. & Pr. 640 and note. See also 2 Ired. L. (N. Car.) 101.

McCulloch, C. J. The petitioners were convicted of a crime constituting a felony in the circuit court of Sevier county, and they bring the record here on *certiorari* to test the validity of the proceeding, it being contended that the adjourned term of court at which the judgment of the conviction was rendered was illegally held. The basis of this contention is that there was no proper adjournment of the court over to the day for the special adjourned term.

The Sevier circuit court convened in regular session on the day specified by statute in January, 1915, and remained continuously in session until February 6th, when there was an adjournment, and the special adjourned term began on March 4, 1915. The record of the court on February 5th shows the following entry: "Ordered that court adjourn until ....." This was signed by the judge, and immediately on the same page follows an order of dismissal in another criminal case, and then follows an entry in these words: "Ordered that court adjourn until Thursday morning, March 4th, 1915." This entry was signed by the judge, and the next entry on the record is the opening order on March 4th showing the opening of the court pursuant to the adjournment on February 6th. A term of court in another county intervened between

the two dates, so it follows that if on February 6th there was an adjournment of the court without specifying any other date for reconvening the court, the term lapsed. *Roberts & Schaeffer Co.* v. *Jones,* 82 Ark. 188. The order of adjournment, however, shows on its face that it was incomplete, and we are of the opinion that it is explained and controlled by the subsequent entry on the same day, signed by the judge, showing that the adjournment was to a definite date. The term did not lapse, for adjourned sessions are authorized by statute even over beyond a term of court in another county. *McVay* v. *State,* 104 Ark. 629.

The ancient rule was that a term of court was considered as of one day and the court deemed to be continuously in session from beginning of the term until the final adjournment. In conformity with that rule it has been held that the court may, at any intermission time before final adjournment, reconvene. *Barrett* v. *State,* 1 Wis. 156. It was decided by the Indiana Supreme Court that after an adjournment from one day to the next the court might reconvene and proceed with business, the basis of the decision being that the adjournment over from day to day was a mere intermission, and in contemplation of law the court was continuously in session. *Bowen* v. *Stewart, Admr.* 128 Ind. 507.

Our statute manifestly contemplates different days of the term of court, but it does not take account of parts of days, and even if the court announces an adjournment it has the power to reconvene on the same day for the purpose of transacting business; that is to say, it has the power to do so, but a question might arise as to the right of the court to proceed in the transaction of particular business in the absence of the interested parties and without notice. That question does not, however, arise in the present case and we have no doubt of the power of the court, even if in fact an order of adjournment has been announced, to reconvene the court and change that order and proceed with other business. In any view that might

be taken of this record, it does not show that there was an adjournment without designation of another day for reconvening, and the term did not, for that reason, lapse.

The prayer of the petition is therefore denied.