WALLACE v. DESHA COUNTY.

4-4795

Opinion delivered November 8, 1937.

James Merritt and J. F. Wallace, Jr., for appellant.

BAKER, J. A petition was filed in the Desha county court for the establishment of a road beginning at the southwest corner of section 6, township 12 south, range 2 west, running thence east on section line to the southwest corner of the southeast quarter of the southeast quarter of section 6, to a public road, thence in the public road to the southwest corner of section 5, or the corners of sections 5, 6, 7 and 8, thence east on the section line between sections 5 and 8 to or across a canal, the road being nearly or approximately two miles long. After the filing of this petition the county judge seems to have made a personal examination of the proposed location of the road and having determined that there was some dispute about the section line appointed a surveyor and directed him to make a survey of the line called for in the petition. Finally after the survey, upon hearing, the court established a road fifty feet in width commencing at a point in the southwest quarter of the southwest quarter of section 5, township 12 south, range 2 west, where the Bayou Mason road crosses said section line,

thence south along said fence row to the southwest corner of said field; thence east along said fence 2,650 feet, and the further recital is that said road is within the field of G. W. Stroud upon land that he has had under fence for more than seven years. The field fence is taken as the point from which said fifty feet of roadway shall be measured.

There was an allowance of damages to Stroud, but we are unable to say whether or not these damages were paid. The record is not clear in that regard; however, that could make little or no difference according to our view of this case. From this order of the county court J. F. Wallace who had made himself a party prayed an appeal to the circuit court of Desha county, filed his appeal bond, whereupon supersedeas and notice of appeal were duly issued. The case was tried in the circuit court. The effect of that trial was to affirm the judgment of the county court and, after the rendition of the circuit court judgment, motion for new trial was filed and overruled, appeal prayed and granted to the Supreme Court.

It is conceded that the petition is sufficient in form to invoke the jurisdiction of the county court, and it is also said by appellants that the county judge, having acquainted himself with the facts by personal investigation, the matter of appointment of viewers was deemed unnecessary in view of the law to the effect that a report of the viewers would be merely persuasive as affecting the final action of the court. *Nemier* v. *Bramlett,* 103 Ark. 209, 210, 146 S. W. 486. At any rate, no issue is here made in that respect.

The questions presented upon this appeal arise out of the fact that (1) the road as established by the court's order is indefinite, vague and uncertain, and the location thereof cannot be determined from the description given, and (2) the court's road, as ordered, whatever its description, was only about one-half mile in length whereas the road petitioned for was approximately two miles long and that the order establishing the road does

not show that it was even at or near the location of any part of the proposed road described in the petition.

The law for the location and establishment of roads is not particularly hard to understand or difficult to follow. There should be a petition filed, signed by a requisite number of freeholders. The description of the road to be established should be described by giving the beginning point, any intermediate points that are on the proposed road and the terminus. Section 6944, Pope's Digest.

If the court, under the law, deems it expedient to grant the petition to locate and establish the road, the order shall be made therefor and the road shall be established as described in the petition, or for any part thereof. Sections 6953 and 6955, Pope's Digest.

This does not necessarily mean that in the location or establishment of the road all portions of it shall conform with perfect exactitude to the description called for in the petition. The court may vary from the line to avoid unnecessary inconvenience, unreasonable costs of location or construction or for other reasons justifiable as may be found and determined upon final hearing. Of course, it was never contemplated that if the line petitioned for ran into a bog or morass where it would be impracticable to build a road at such point, the line might not be varied, or if a massive boulder were found in the line or survey that the road might not be turned aside rather than encounter unnecessary expense, but such variations as these are not substantial, but may be said to be, strictly speaking, another method of locating and establishing the road as petitioned for. Section 132, 29 C. J. 457.

(1) In this case the order made by the county court and approved by the circuit court upon appeal is so indefinite as to the description of location of the roadway that it could not be found. The county court had in mind, no doubt, certain natural objects that he as judge, when looking over the situation, had observed and which to his mind were sufficiently marked to determine the location of the road he felt it necessary to build

under the petition. The description of these natural objects, fence rows and land lines, mentioned are uncertain, and we are in serious doubt if the surveyor, who wrote the interesting anabasis of eight days work in surveying, could, himself, locate the road without extraneous investigation and information. On that account the order is void.

(2) Moreover, petitioners asked for a road approximately two miles in length. Whatever else may be said about this road as established by the county court, it was about or maybe a little more than one-half mile in length. This may or may not be erroneous.

There seems to be a controversy as between coterminus owners about the location of certain line between six and seven, or maybe between five and eight, and the court in the order indicated ownership of certain lands held by some of the parties under the statute of limitations. For the establishment of this road, it was not necessary that the county court determine that question. The court could by survey, and we presume properly did, determine the location of the line as petitioned for. There is some proof offered to the effect that the lands along the road petitioned for are much more suitable for the location of the road than at a place in Stroud's field where it would be rather expensive to build and construct a road. This evidence may be the result of the inaccurate description. The witnesses may have in mind a location different from that of the court.

We are asked to locate the road as petitioned for and end the litigation. Were it possible and proper to do this, we would accept the responsibility.

However, in this case we are unable to determine whether, from the evidence presented, the road should be located and constructed substantially as petitioned for. The county court did not determine that matter, but only found that convenience and necessity justified the establishment of a one-half mile of road and this might be construed as a determination that a longer road as petitioned for was denied by the court, but we do not so construe the court's action. Besides these facts

above stated, conditions at this time may have changed, if in no other respect, mayhap in regard to county finances.

We, therefore, hold the petition was proper to invoke the jurisdiction of the county court; that the said court, if it found proper to grant the petition, should have established the road substantially as called for in the petition, or, proof being insufficient to justify the establishment of the said road, to have denied the same. It may be true that only a part of said road may be proper, but if so, that part should be substantially on the section lines described in the petition. Had the record been so made there might not have been any reason for an appeal.

It follows the circuit court and the county court were both in error. The cause, therefore, is remanded to the circuit court with directions to certify the matter to the county court for further action upon the petition not inconsistent with this opinion.