PARSLEY *v.* USSERY.

4-5564                            132 S. W. 2d 1

Opinion delivered October 9, 1939.

C. A. Cunningham, James G. Coston and J. T. Coston, for appellant.

Holland & Barham, Theodore F. Graupner and A. P. Patton, for appellee.

McHANEY, J. Appellants are the children of Mrs. Sallie May Parsley who is still living, and she is the stepdaughter of the late Dr. Benjamin A. Bugg, who died testate in 1910. One provision in Dr. Bugg's will gave his said stepdaughter a life estate in the 150 acres of land in controversy with remainder at her death in her children, grandchildren and their descendants. His will was probated May 31, 1911. On February 13, 1912,

less than one year as fixed by statute for appeals from the probate court to the circuit court, § 2885, Pope's Digest, Lillian Green and B. A. Bugg, Jr., executed an affidavit and prayer for appeal, and appellants contend that this affidavit was not filed with the probate clerk until June 17, 1912, which is the date the transcript of the record in the probate court was certified by the clerk to the circuit court. In other words, June 17, 1912, is the date the appeal was perfected to the circuit court. The circuit court treated the appeal as properly before it, no question being raised regarding it at that trial, and on October 28, 1913, entered the following judgment: "Comes the proponents, Grover C. Wadley, Sallie May Parsley, Fannie Wadley, Sallie A. Bugg, Thelma Parsley, Leda Parsley, Forrest Parsley, and Marie Parsley, by their attorneys, Virgil Green and John J. Leadbetter, and comes the remonstrators, B. A. Bugg, Jr., Lillie Green Thompson and Music Thompson, by their attorney, W. E. Beloate, and this case being submitted to the court upon the will and depositions of the *subscribing witnesses* and the *agreement of counsel of both parties*, and the court being fully and sufficiently advised in the premises, finds:

"That the will of B. A. Bugg, Sr., deceased, the same being the proposed will in said cause, was improperly executed, and that the said B. A. Bugg, Sr., deceased, at the time of making and executing said will, was of unsound mind and memory and not capable of making and executing a last will and testament, and that said will in all things should be declared null and void, and of no force and effect.

"It is, therefore, considered, ordered and adjudged by the court, that the proposed will of the said B. A. Bugg, Sr., deceased, was improperly executed and was written and executed by the said B. A. Bugg, Sr., at a time when the said B. A. Bugg, Sr., was of unsound mind and incapable of making a valid and binding will and testament, and that said will should be set aside and in all things declared null and void, and that the cost of this proceeding shall be paid equally by the parties hereto, that is one-fifth to be paid by each of the adult parties,

and that the certified copy of this finding and judgment be delivered to the probate court of the Chickasawba district of Mississippi county, and spread of record in said court, and upon the will record." There was no appeal from this judgment.

Acting after said judgment, the heirs of Dr. Bugg conveyed by deed to Sallie May Parsley the 150 acres of land in controversy. Thereafter she conveyed the same land to Arch Gray for a consideration of $15,200, and he, on July 12, 1926, mortgaged same to appellee, St. Louis Joint Stock Land Bank to secure a loan of $7,500. The title to said land thereafter passed to appellee, Mrs. M. O. Ussery, the present owner in possession, subject to said mortgage.

On October 28, 1936, appellants brought this action against Mrs. Ussery, alleging that they are the owners of the remainder interest in said lands, after the life estate of Sallie May Parsley, under the will of Dr. Bugg; that Mrs. Ussery had cut timber of the value of $3,000 from said land without right; and that the judgment of the circuit court of October 28, 1913, heretofore set out, is void for the reason that the affidavit for appeal from the probate court was not filed within one year from the date of probate of said will, and that no order granting an appeal by the probate court was made. Prayer was that they be decreed to be the owners of the remainder interest in said land and for judgment against Mrs. Ussery for $3,000. Mrs. Ussery answered denying all the material allegations of the complaint, alleging that the action was a collateral attack on said circuit court judgment of 1913, and pleading *res adjudicata* and limitations. S. L. Cantley, as receiver for St. Louis Joint Stock Land Bank, was permitted to intervene, setting up its rights in the premises. Trial resulted in a decree dismissing the complaint of appellants for want of equity, and they have appealed.

The first contention made by appellants for a reversal of this decree is that no appeal was granted by the probate court to the circuit court from the order ad-

mitting to probate the will of Dr. Bugg, and, therefore, the circuit court was without jurisdiction to render the judgment setting aside the will. It is also contended that the affidavit and prayer for appeal were not filed with the clerk of the probate court until more than one year after the order admitting the will to probate was made, and therefore, if an order granting the appeal was made, it was made more than a year after the order appealed from and was a nullity.

Other arguments are advanced for a reversal, but if those mentioned above are decided adversely to their contention, and we think they must be, it will be unnecessary to discuss them.

This suit constitutes a collateral attack on the judgment of the circuit court of October 28, 1913. In determining whether a domestic judgment on collateral attack is void for want of notice, this court has always held that it must be done from an inspection of the record only. *Boyd* v. *Roane,* 49 Ark. 397, 5 S. W. 704; *Union Investment Co.* v. *Hunt,* 187 Ark. 357, 59 S. W. 2d 1039, and case there cited where the reason for the rule is stated as follows: "The reason for the rule is that judgments and decrees ought to and do import verity and stability, and, as said in *Boyd* v. *Roane, supra*: 'It is generally thought to be better that the doctrine that the record importing absolute verity should work an occasional hardship than that public confidence should be shaken in the stability of judicial proceedings by suffering them to be lightly overturned; and for this reason the weight of authority in the case of a domestic judgment collaterally attacked is that the question of notice or no notice must be tried by the court upon an inspection of the record only.'"

The record of the judgment attacked shows on its fact that the judgment of the probate court, admitting said will to probate, was reversed, and it directed said "judgment be delivered to the probate court—and spread of record in said court, and upon the will record." In *Howell* v. *Miller,* 173 Ark. 527, 292 S. W. 1005, in a simi-

lar, if not the same, situation, this court said: "Counsel for appellant invoke the general rule laid down in *Walker* v. *Noll,* 92 Ark. 148, 122 S. W. 488, and other decisions of this court, to the effect that it is necessary, in order to invest the circuit court with jurisdiction, that it appear from the record that the affidavit and prayer for appeal were presented to the probate court, and that the appeal was granted. In the case of *Thomas* v. *Thomas,* 150 Ark. 43, 233 S. W. 808, it was held that the granting of the appeal by the probate court is sufficient to confer jurisdiction upon the circuit court, and that the entering of the order granting the appeal upon the order of the probate court is merely evidence that the appeal has been granted. In the present case the record of the circuit court recites that the order and judgment of the probate court appealed from is vacated and held for naught. When the whole of that part of the judgment of the circuit court quoted above is considered, it is apparent that the circuit court found that the judgment of the county court sitting as the probate court in the probate of the will of Georgia A. Mitchell, deceased, should be vacated and held for naught. This constituted a finding on the part of the circuit court that an appeal had been taken from the order of the probate court in the manner provided by law. Otherwise, the circuit court would not have had any jurisdiction in the case. If the judgment of the circuit court had not contained an express finding that the judgment of the probate court appealed from should be set aside, counsel for appellant would have been right in contending that the judgment of the circuit court should be reversed for want of jurisdiction.

"It is well settled in this state that, where a judgment or decree contains a recital of the facts, this court can review the judgment for errors manifest upon the face of the record. *Strode* v. *Holland,* 150 Ark. 122, 233 S. W. 1033. The judgment of the circuit court, having contained a recital that the judgment of the probate court appealed from should be vacated, constitutes *prima facie* evidence that an appeal was taken in the manner pro-

vided by law, and must be taken as true, unless, by bill of exceptions or otherwise, the record contains evidence to contradict the recital of the judgment. *First National Bank* v. *Dalsheimer,* 157 Ark. 464, 248 S. W. 575. This is in application of the well-known rule that every presumption must be indulged in favor of the court's finding which competent evidence would warrant.''

So, here, the effect of the circuit court judgment that the judgment of the probate court ''be vacated and held for naught,'' constituted a finding that the appeal had been taken in the manner provided by law. And this finding ''must be taken as true, unless, by bill of exceptions or otherwise the record contains evidence to contradict the recital of the judgment.'' There is an abundance of evidence in the record to show that the appeal was properly taken according to law. The affidavit therefor was made in ample time. While it is not shown when it was filed, the presumption is, from the fact that the clerk made up the transcript, that it was filed in time, and that the order granting the appeal was made in time. The testimony of the then clerk and probate judge supports the finding.

The conclusion necessarily follows that the judgment attacked is valid and binding. The effect of this judgment is that Dr. Bugg died intestate, and the rights of appellants depend entirely upon a valid will.

The contention is also made that the attacked judgment shows on its face that it was a consent judgment, and that some of the appellants, being minors at the time (and others not *in esse*) and without a guardian, cannot be bound. The judgment shows that the parties named, both proponents, and remonstrants were represented by counsel, Sallie May Parsley and the other proponents by the same counsel. It shows that the case was submitted to the court, without intervention of a jury, ''upon the will and depositions of the subscribing witnesses and the agreement of counsel of both parties.'' Just what the agreement of counsel was is not shown. It may have been an agreed statement of facts. Whatever it was, it is insufficient to show a consent judgment.

This suit was filed 23 years to the day after said circuit court judgment was rendered, during all of which time all the parties hereto, and the public generally have recognized said judgment as valid and binding. The general rule is, as stated in 34 C. J. 541, that, "Long lapses of time greatly strengthen the presumptions in favor of the validity of judgments."

The undisputed proof shows by appellants themselves that this property was all their mother had; that with it, she reared, supported and educated appellants, and that they have been the beneficiaries of this conveyance to their mother. To seek now, after this long lapse of time, and after innocent third parties have made large advances on the strength of it, to set aside said judgment where four of them were parties thereto, is without equity as the trial court properly held.

Affirmed.