CANNON *v.* PRICE.

4-6346                                    150 S. W. 2d 755

Opinion delivered May 12, 1941.

*Wils Davis* and *Taylor & Taylor,* for appellant.

*Cecil Shane* and *Oscar Fendler,* for appellee.

HOLT, J. George H. Evans died in 1875, testate. Under his will he gave to his daughter, Edith Elizabeth, a life estate in an 80-acre tract of land described as the south half of the southwest quarter, section 30, township 11 north, range 9 east, Mississippi county, Arkansas. The remainder he gave to the children of Edith Elizabeth. Edith Elizabeth died February 7, 1934. She had been married three times: Her first husband was Clifton St. Clair; her second, James H. Cannon; and her third, John Keen. Appellants, Jacob H. Cannon and F. D. Cannon are the sons of Edith Elizabeth by her husband, James H. Cannon. The remaining appellants are Edith Elizabeth's grandchildren.

Under his will, George H. Evans gave to another daughter, Lavina (sometimes referred to as Letitia) who married J. W. Uzzell a life estate in other property with the remainder in her children.

The property here involved, with other property, having become delinquent for the taxes for 1877, was sold to John W. Uzzell, Edith Elizabeth's brother-in-law, and a clerk's tax deed issued to him dated September 13, 1880, carrying the following description: West half of section 30, township 11 north, range 9 east.

By a decree on November 6, 1885, in a case then pending between L. L. Uzzell and George E. Cannon, and others, John and Elizabeth Keen were appointed guardians *ad litem* to answer for certain minor defendants in that suit and to ask on their behalf that the cause proceed on a joint petition in another case then pending entitled "John Keen and Elizabeth Keen, his wife, late Cannon, Letitia T. Uzzell, *et al.*"

A decree on this joint petition was rendered November 2, 1886, as follows:

"Now on this day come the petitioners, John Keen and Elizabeth Keen, his wife, in their proper persons and George E. Cannon, Anna E. Cannon, Franklin D. Cannon and Jacob H. Cannon, minors by their next friend, John Keen and Edith Elizabeth Keen; and Letitia T. Uzzell, E. A. Carlton and Nina W. Carlton, his wife, Cate Uzzell, Edith A. Uzzell and John E. Uzzell, in their own proper persons, and William T. Uzzell, Katie Uzzell, George H. Uzzell, Helen Uzzell, Paul D. Uzzell, Edith E. Uzzell, minors, by their next friend Letitia T. Uzzell, and file their petition showing that they compromised and settled the case of *L. T. Uzzell* v. *George E. Cannon, et al.*, now pending in the court by agreeing the legal title to the northeast quarter (NE¼) of section thirty-six (36) in township eleven (11) north, range eight (8) east, therein mentioned shall be vested in the said Letitia T. Uzzell for life with remainder to the said Nina W. Carlton, Edith A. Uzzell, John E. Uzzell, William T. Uzzell, Katie Uzzell, George H. Uzzell, Helen Uzzell, Paul D. Uzzell and Edith E. Uzzell, and that the tax title to the east half of section twenty-five (25), township eleven (11) north, range eight (8) east, and west half of section thirty (30), township eleven (11) north, range nine (9) east, owned and claimed by said Letitia and her children shall be vested in the said Elizabeth Keen and the said George E. Cannon, Anna E. Cannon, Franklin D. Cannon and Jacob H. Cannon, and said petition up for consideration and the court having heard testimony thereon and being satisfied that it is for the interest of the minor petitioners as well as the adults, that the prayer of said petition is reasonable and just and ought to be granted.

"It is therefore ordered, adjudged and decreed that the legal title to the said northeast quarter of section 36, township 11 north, range 8 east, be divested out of said Elizabeth Keen, George E. Cannon, Anna E. Cannon, Franklin D. Cannon and Jacob H. Cannon, and vested in the said Letitia T. Uzzell for life, with remainder to her children, Nina White Carlton, Edith A. Uzzell, John E. Uzzell, William T. Uzzell, Katie Uzzell, George H. Uzzell. Helen Uzzell, Paul D. Uzzell and Edith E.

Uzzell; and all interest owned or claimed by the said Letitia T. Uzzell, Nina W. Carlton, Edith A. Uzzell, John E. Uzzell, William T. Uzzell, Katie Uzzell, George H. Uzzell, Helen Uzzell, Paul D. Uzzell and Edith E. Uzzell in and to the east half of section 25, township 11 north, range 8 east, and the west one-half of section 30, township 11 north, range 9 east, be divested out of them and vested in the said Elizabeth Keen, George H. Cannon, Anna E. Cannon, Franklin D. Cannon and George H. Cannon, and that this decree operate as a deed, and that the costs of these proceedings be equally divided between the parties in interest hereto.''

February 22, 1886, Edith Elizabeth, then Keen, conveyed by warranty deed her interest in the south half of the southwest quarter, section 30, township 11 north, range 9 east, the land involved here, to her husband, John Keen, and on September 23, 1887, she conveyed her interest in the 80-acre tract in question to her children. By *mesne* conveyances through many hands, and mortgage foreclosures over a period of some 55 years, the appellees here acquired this property through a foreclosure September 14, 1926, and have owned, occupied, controlled and enjoyed it with the rents and profits since that time.

Following the death of Edith Elizabeth Cannon Keen, February 7, 1934, appellants here, claiming as remaindermen, brought suit in an attempt to recover this property, together with rents and profits alleged to be due. Upon a trial of the cause, the court found the issues in favor of appellees and dismissed appellant's complaint for want of equity. This appeal followed.

As has been indicated, the will of George H. Evans created a life estate in the land here involved in his daughter, Edith Elizabeth, with remainder in her children.

Appellee's title rests upon the decree of November 2, 1886. If this decree is valid, it terminated the life estate of Edith Elizabeth Keen, through the partition of the 80-acre tract here in suit and other lands. In that decree, the title of John W. Uzzell based upon the tax

sale was involved and was adjudged. Now, the tax sale may have been found invalid when made, as it appears to be, but it may also have been found that Uzzell had possession of the land under his tax deed for a length of time sufficient to render the tax sale impervious to the attack of either the life tenants or the remaindermen (§ 13860, Pope's Digest). None of the minors have attempted to redeem from the tax sale to Uzzell. At any rate, the rights of the parties were adjudged, all the persons being before the court who had any right to question the validity of the tax sale, and new titles were created upon the apparent finding that the tax sale to Uzzell had conveyed title to him, the effect of the decree being to terminate the life estate and to constitute the life tenant and the remaindermen tenants in common. That finding, through many years, has not been questioned, and many conveyances have been made upon the faith of the validity of that decree.

Appellants contend that that decree cannot affect the rights of the minors involved because they were not properly in court by guardian *ad litem*, but were represented by John Keen and Edith Elizabeth Keen as their next friend and that under the statute (§ 1329, Pope's Digest) a minor must be defended by a guardian or a guardian *ad litem*. That question might have been raised by demurrer (§ 1411, Pope's Digest). When such objection is not raised in apt time, it is waived (§ 1414, Pope's Digest).

In the case of *Davie* v. *Padgett,* 117 Ark. 544, 176 S. W. 333, it appears that the plaintiff was sixteen years of age and instituted suit without guardian or next friend, and there this court said: ''The judgment is not void because of the plaintiff's incapacity to sue, but that defect only constitutes error which calls for a reversal of the judgment, if taken advantage of in apt time. It has always been the rule of this court that judgments against infants are not void because of the omission to appoint a guardian, but are merely voidable and can only be avoided on appeal or writ of error or other direct proceedings authorized by statute.''

Since that decree was entered nearly fifty-five years ago no one has instituted proceedings attacking it directly or collaterally in an attempt to void it, and we think it valid and binding. The minor defendants affected by that decree have taken no steps to void it within three years after having reached their majority (§ 8939, Pope's Digest).

All parties in interest, including J. H. Cannon and F. D. Cannon, two of the appellants here, were made parties to the suit in which the above decree of November 2, 1886, was rendered. John Keen, the Edith Elizabeth Cannon Keen branch of the family, as well as the Uzzell branch, were all parties. This is clearly indicated in the decree. While appellant, Jacob H. Cannon, is referred to twice in that decree as Jacob H. Cannon, in the latter part the word "George" is used for Jacob. This clearly, we think, was a clerical mistake and that Jacob was intended. It is also undisputed that there was no George E. Cannon. There was a girl, Georgia E. Cannon, and we think it clear that the court intended Georgia E. Cannon and that the name George E. Cannon was a clerical error.

While the suit out of which came the decree of November 2, 1886, is not captioned a suit for partition, we think it clear from that decree that it was a partition suit and was so treated by all parties and the court. As we have indicated, that decree clearly vested the title to the property here in question in Mrs. Edith Elizabeth Keen and her children as tenants in common. Holding, as the court in the 1886 decree did, the tax sale to John W. Uzzell, *supra,* valid, the effect of that tax sale was to destroy the life estate and cut off the rights of the remaindermen.

In *Champion* v. *Williams,* 165 Ark. 328, 264 S. W. 972, this court said: "The tax sale, if valid, would have barred the right of all interested parties, those holding remainder interests as well as the life tenant, for the sale operated *in rem,* and all parties were bound by it. . . ."

470

Any party dissatisfied with that decree of November 2, 1886, should have taken proper steps in apt time to question it. From the time of its rendition, approximately 55 years ago, it has not been attacked directly or collaterally. During all of this time the binding force and effect of that decree has been recognized generally. This property has been sold and mortgaged from time to time, has passed into and through many hands until, as has been indicated, it came into the possession of appellees by purchase at a mortgage foreclosure sale in 1926. During all this time appellants have stood by without complaint. To permit appellants to come in at this late date and lay any claim to this property is without equity and the chancellor properly so held.

In the recent case of *Parsley* v. *Ussery,* 198 Ark. 910, 132 S. W. 2d 1, this court said: "This suit was filed twenty-three years to the day after said circuit court judgment was rendered, during all of which time all the parties hereto, and the public generally have recognized said judgment as valid and binding. The general rule is, as stated in 34 C. J. 541, that, 'Long lapses of time greatly strengthen the presumptions in favor of the validity of judgments.' . . . To seek now, after this long lapse of time, and after innocent third parties have made large advances on the strength of it, to set aside said judgment where four of them were parties thereto is without equity as the trial court properly held."

On the whole case, finding no error, the decree is affirmed.