BOLLINGER v. ARK. STATE HIGHWAY COMMISSION.

5-1499                                          315 S. W. 2d 889

Opinion delivered May 19, 1958.

[Rehearing denied September 29, 1958.]

54

*Mark E. Woolsey,* for appellant.

*W. R. Thrasher, Edward Boyette,* and *Bill Demmer,* for appellee.

ED. F. McFADDIN, Associate Justice.  The Arkansas State Highway Commission (hereinafter called ''Commission'') filed this suit to have obstructions removed from the right-of-way of State Highway No. 22 in the City of Charleston.  It was claimed that the appellant,[1] Bollinger, had encroached on the right-of-way by placing his filling station, pumps, signs, etc. within the right-of-way fixed by the County Court order of 1927. Bollinger denied the validity and effect of the County Court order, denied the claimed width of the right-of-way, and denied any encroachment.  The Chancery

---
[1] The defendants were Mr. Bollinger and his wife.  She had only dower interest; and we will continuously refer to Mr. Bollinger as though he were the sole defendant and appellant.

Court heard the evidence *ore tenus* and rendered an opinion, which is in the record and has proved helpful to us. The Chancery findings and decree were in favor of the Commission; and Bollinger has appealed, presenting the points hereinafter to be listed and discussed.

I. *Validity Of The Entry Of The 1927 County Court Order.* In 1927, the Arkansas Highway Commission decided to construct State Highway No. 22, and the citizens of Charleston worked with the Commission to obtain the right-of-way. One of the citizens actively assisting the Commission was the appellant, Bollinger. On December 19, 1927, an order was entered, which appears in the County Court Records of Franklin County, and which laid out the highway right-of-way and fixed the width of the right-of-way on each side of the center line. The Commission claimed that this order made the right-of-way ninety feet wide in front of the Bollinger property here involved, being forty feet on the north side of the center line, and fifty feet on the south side of the center line; and that Bollinger's filling station, pumps, etc. encroached on the right-of-way. Bollinger claimed that the order of 1927 was void for several reasons; and that he was not encroaching on the true right-of-way. It was conceded by all parties that in 1927 Bollinger's father owned the particular property here involved, with a fence along the right-of-way, thirty feet from the center of the highway; that appellant, Bollinger, acquired the property here involved in 1938; and removed the fence and constructed a filling station, pumps, etc. thereafter.

It is appellant's contention that the County Court was not legally in session when the particular order here involved was entered: that in 1927 the terms of the County Court[2] of Franklin County were the third Monday in January, April, July, and October; that the regular October term convened on October 17, 1927; that

[2] Franklin County is divided into two Districts (see Act No. 51 of 1885); but the District in which the County Court met does not enter into this case, as both parties admitted in oral argument. Sec. 2266 C. & M. Digest gives the terms of the Franklin County Court applicable in 1927.

the Court then duly adjourned to November 12, 1927; and that when the Court adjourned on November 12, 1927, there was a lapse of the term because the adjourning order says, ''Court adjourned until ....................''; and that the effect of this unfilled date was to lapse the term. Appellant cites and relies on the case of *Ex Parte Baldwin,* 118 Ark. 416, 176 S. W. 680.

It was admitted that the County Quorum Court duly met[3] on November 14, 1927; that following the adjourning of the Quorum Court, the County Court records show, ''Court adjourned until December 19, 1927''; and that the order here attacked bears date of December 19, 1927 and duly appears in the County Court Records as a part of the proceedings of that date, and has been of record since 1927. Notwithstanding these admissions, appellant says that the *failure to complete the date* in the adjourning order of November 12, 1927, as heretofore copied, lapsed the County Court until the January, 1928 term; and that the purported order of December 19, 1927 was not a County Court order but the action of the County Judge.

There are several sufficient answers to appellant's contention:

(a)   The order of December 19, 1927 has been of record and unassailed since 1927; and after all these years presumptions must be indulged in favor of its validity. *Parsley* v. *Ussery,* 198 Ark. 910, 132 S. W. 2d 1; *Cannon* v. *Price,* 202 Ark. 464, 150 S. W. 2d 755.

(b)   The contention made by the appellant in the case at bar is a *collateral* attack on the County Court order, and for that reason cannot prevail. *Stumpff* v. *Louann Provision Co.,* 173 Ark. 192, 292 S. W. 106; *Strawn* v. *Campbell,* 226 Ark. 449, 291 S. W. 2d 508.

(c)   Even if the County Judge had merely acted as an agent of the County in making the order of December 19, 1927, still the County Court adopted and ratified the order by paying out County money arising

---

[3] This was fixed by Act No. 340 of 1927, which was prior to the law as now found in § 17-401 Ark. Stats.

for right-of-way claims because of the order. *Watts & Sanders* v. *Myatt,* 216 Ark. 660, 226 S. W. 2d 800; *Wilcox* v. *McCallister,* 186 Ark. 901, 56 S. W. 2d 765.

So, for the reasons stated, we find no merit in appellant's attack on the validity of the entry of the 1927 County Court order.

II. *Invalidity Of The* 1927 *Order Because Of Lack Of A Definite Description.* The 1927 Court order, changing widening and laying out the right-of-way of State Highway No. 22, described a road which began on the west side of Franklin County and proceeded easterly. The order described the center line of the highway for the entire distance,[4] and then stated the width of the right-of-way by reference to stations[5]—that is, 100-foot distances from the point of beginning.

Appellant says that the order is too indefinite to be valid; but we see no merit to such claim. We have cases which hold certain descriptions to be indefinite (see *Burns* v. *Harrington,* 162 Ark. 162, 257 S. W. 729; and *Wallace* v. *Desha County,* 194 Ark. 848, 109 S. W. 2d 950); but the highway location in the case at bar is so definite that "a stranger with a compass and a chain" could follow the road as laid out in the order. The road

---

[4] We copy the beginning point and a few calls in the description of the center line of the road in order to illustrate the statement: "Beginning at a point in the present traveled road 1,888 feet North of the corner of Sections 9, 10, 15, and 16, Township 7 North, Range 29 West: running thence North 68 degrees 45 minutes East for a distance of 134.7 feet; thence around a 3 degree curve to the right for a distance of 522.22 feet; thence North 84 degrees 25 minutes East for a distance of 3,384.85 feet; thence around a 2 degree curve to the right for a distance of 515 feet; . . ."

[5] We copy a portion of the order to illustrate our statement: "The right-of-way widths required for the alignment as hereinbefore described to be as follows:

| Station to Station | Lineal Feet | Width to Left of Center Line | Width to Right of Center Line | Total Width Feet |
|---|---|---|---|---|
| 00 to 56 | 5600 | 40 | 40 | 80 |
| 56 to 66 | 1000 | 50 | 50 | 100 |
| 66 to 71 | 500 | 40 | 40 | 80 |
| 71 to 74 | 300 | 40 | 50 | 90 |
| 74 to 120 | 4600 | 40 | 40 | 80 |
| 120 to 143 | 2300 | 30 | 30 | 60 |
| 143 to 192 | 4900 | 40 | 50 | 90" |

Appellant's property lies between Station 143 and Station 192.

has a beginning point, a definite course, a length, and a width. The order describes a definite line which can be located by any competent surveyor. Several located the line and testified in the case at bar. The County Court order says that for certain distances—stations of 100 feet each—the highway right-of-way will be a designated number of feet on the left (north) side of the center line, and a designated number of feet on the right (south) of the center line. In *People* v. *Board,* 20 N. Y. S. 7, the Court, in approving an order laying out a highway, said: "The order laying out the road in question was legal. The center line of the road was accurately given, and the width of 25 feet on each side of said center line. This was sufficient. *People* v. *Commissioners,* 13 Wend. 310." To the same effect see also 39 C. J. S. 1003.

In the case at bar, we hold that the order was entirely definite; and, therefore, we reject appellant's second contention.

III. *Encroachments On The Right-of-way.* Appellant claimed that the highway right-of-way was only sixty feet wide (that is, thirty feet on either side of the center line) in front of appellant's service station; that appellant's pumps, etc., claimed to be encroachments, were more than thirty feet north of the center line of the highway; and that, therefore, there were no encroachments by appellant. The Commission claimed that the highway right-of-way, as laid out by the 1927 order, was ninety feet wide in front of appellant's service station, being forty feet north of the center line and fifty feet on the south of the center line. To substantiate this claim of encroachments, the Commission alleged and offered proof to establish that appellant's service station is between Station 145.00 and 146.10. According to the 1927 order, the right-of-way is ninety feet wide between Station 143 and Station 192, or a distance of 4,900 feet. Several witnesses supported the Commission on the question of appellant's encroachment. The Witness Perkins introduced in evidence his map which showed the encroachments. The Witness Levaris introduced in

evidence his map, which likewise showed the encroachment. The Witness McCloud testified:

"Q. Are you familiar with the subject property? The property of Mr. John Bollinger over which this lawsuit is brought?

A. Yes, sir.

Q. Have you ever made any measurements or anything of that nature to determine how far, if they are, these encroachments are on the right-of-way? The island and the sign that has been referred to here this morning?

A. Yes.

Q. You have made such measurements?

A. Yes.

Q. Do you remember to what extent, if any, these pumps and pump island encroach upon the right-of-way?

A. Well, the pumps, the pump island, I would say is thirty feet from the center line, and the right-of-way at that point, according to the 1927 court order and the plat, is forty feet."

From a careful study of the maps and the testimony we conclude that the encroachments were shown and that appellant's contention to the contrary is without merit.

IV. *No Notice Or Estoppel.* Under this topic heading in his brief, appellant claims: that, even if the 1927 order made the highway ninety feet wide in front of his service station, still he had no notice of such fact; that there was a fence along his present property[6] in 1927; that the fence was only thirty feet north from the center line of the highway; that the Commission made no entry on his property beyond the fence; that he vol-

---

[6] As heretofore stated, the particular property here involved was owned by appellant's father in 1927. After the death of Mr. Bollinger, Sr., appellant acquired the interest of his co-heirs in 1938 and took down the fence and erected his service station sometime thereafter.

untarily tore down his fence in 1938 when he acquired the property from his co-heirs; that he erected his pumps, etc. more than thirty feet north of the center line of the highway; that the Commission cannot claim beyond thirty feet north of the center line of the highway since there was no "entry" under the 1927 order beyond the 30-foot line. Among other answers to appellant's contention, the Commission claims that when Mr. Bollinger took down the fence and erected his service station and made it available to the public in 1938, such act constituted an entry by the public on the full forty-foot right-of-way north of the center line.

The Chancellor, in his opinion, said:

"As far as actual notice is concerned, Mr. Bollinger was on the committee that laid out this 1927 Highway and went up and down the highway and took right-of-way agreements. One of his witnesses was paid on the basis of an 80-foot right-of-way west of town, based upon the 1927 order. Mr. Bollinger told about how some of these landowners objected when they had trees in the right-of-way; how he took an engineer out to see his own father about leaving a tree in the right-of-way. The plans of the Highway Commission show that the same tree that was left was between the thirty-foot line and the forty-foot line in this Highway right-of-way of 1927. This would indicate that there was actual notice that this tree was in the right-of-way . . . We have several Supreme Court decisions, all holding that when the county condemns land, the county is liable for the damages. The land mark case is *Arkansas State Highway Commission* v. *Palmer,* 222 Ark. 603, 262 S. W. 2d 772 . . . It seems to me in a case like this one where the county condemns the land and the property owner is suffering damages and didn't get around to doing anything about it until this late date, that the county would be the party that might be liable for the damages . . . There is no adverse possession here. The Arkansas Statutes of 1947, § 37-109, based on Act 666 of 1923, provide that title to any Highway is not acquired by adverse possession, so you can't say that there is any adverse posses-

sion here, because this law was passed in 1923 and this order wasn't made until 1927. So as I see it, the thing to do here—the practical approach—is to enter this injunction, . . . and to allow Mr. Bollinger to file a claim against the county. If the county does not allow his claim, he can bring it up in the Circuit Court and have a jury trial . . ."

We conclude that the Chancery decree was correct; and it is accordingly affirmed.

HARRIS, C. J., and GEORGE ROSE SMITH and WARD, JJ., dissent.