93 So.2d 530

Bertha SEIBER et al.

v.

Wesley RINGGOLD et al.

No. 41562.

Feb. 25, 1957.

Braxton B. Croom, Baton Rouge, for defendants-appellants.

Earl H. Willis, St. Martinsville, for plaintiffs-appellees.

HAMITER, Justice.

The instant appeal is from a judgment in favor of plaintiffs, Bertha Seiber Dyson and Clarence Dyson, ordering the cancellation from the public records of an oil, gas and mineral lease executed by them on January 28, 1950 which covered a tract of land in St. Martin Parish containing approximately 53.33 acres. Appellants, who are defendants in the suit, assert rights in and to the lease as follows: an overriding royalty by Mary C. Meadors, and fractional working interests by John E. Perkins, Wesley Ringgold and George A. Butler. Other persons formerly interested in the lease have executed releases of their rights to plaintiffs.

First to be considered are exceptions of no right and no cause of action under which appellants contend, to quote from the brief of their counsel, that "plaintiffs failed to show in the original petition filed herein any contractual obligations or privity of contract existing between defendants herein and the original lessor." This contention overlooks the important circumstance that the asserted rights of appellants flow from and depend entirely on the lease which, according to the allegations of the petition, has expired by reason of noncompliance by the lessee and his assigns with certain specified obligations (hereinafter discussed). The trial judge, in our opinion, properly overruled the exceptions.

On the merits the record discloses that in July, 1950 a well was completed on the leased premises and production of oil in paying quantities obtained. However, prior to January 1, 1952 such production ceased, and thereafter there were no reworking or drilling operations as required by the terms of the lease. Nor were any delay rentals ever paid to plaintiffs. As a result the lease, which was the source of the rights claimed herein by appellants, terminated. Paragraph six thereof expressly provided that " * * * if, after the discovery and production of oil, gas or other minerals in paying quantities, the production thereof should cease from any cause this lease shall terminate unless Lessee commences additional drilling, reworking or mining operations within ninety (90) days thereafter * * * in an effort to restore such production, or (if during the primary term) resumes the payments of rentals in the manner hereinabove provided for in

connection with the abandonment of wells drilled. * * *"

 To the demands of plaintiffs these appellants pleaded estoppel, the basis of which was a letter written by the former's attorney to Wesley Ringgold under date of April 2, 1952. Therein the attorney expressed the view that the lease had terminated; he suggested that by reason of the termination no further funds should be expended; and he requested that the lessors be voluntarily released from their contract. The trial judge correctly overruled the plea and appropriately observed as follows: "The theory of estoppel is inapplicable here. The defendants did not act upon the strength of the plaintiffs' statement to their prejudice, rather, the letter of plaintiffs' attorney merely stated that he considered the lease terminated and offered an admonition to defendants not to spend additional funds. This can not now be construed as having influenced defendants in a manner for which the plea of estoppel can be urged. At most, plaintiffs' attorney merely reached a conclusion of law and defendants, if they acted upon the strength of it, did so at their peril. * * *"

In an answer to the appeal plaintiffs pray that the judgment be amended by awarding the attorneys' fees demanded by them. Since no evidence was adduced in support of such demand it should be non-

suited. See Melancon v. Texas Company, 230 La. 593, 89 So.2d 135.

For the reasons assigned the judgment appealed from is amended by nonsuiting plaintiffs' demand for attorneys' fees and, as thus amended, it is affirmed.