1050

5-1722                                    320 S. W. 2d 269

Opinion delivered February 2, 1959.

*W. R. Thrasher & Bill Demmer,* for appellant.

*Wendell O. Epperson & Joe W. McCoy,* for appellee.

George Rose Smith, J. This is a condemnation case in which the State Highway Commission called upon the county court to provide the right of way for the rehabilitation of Highway 67 in Hot Spring county. Ark. Stats. 1947, § 76-510. The appellees, Carl Fowler and his wife, filed a claim against the county for damages of $6,000. The county court denied the claim, as excessive, but in the circuit court the appellees were awarded damages of $4,150. The sole question on appeal is

whether the county's plea of limitations should have been sustained.

On April 10, 1956, the county court entered an order condemning the right of way in accordance with the plans of the Highway Commission. The landowners did not originally have notice of the order, but the Fowlers' land was actually entered in April or May of 1956. In those months the Highway Department removed the Fowlers' fence along the old highway, cleared the right of way for the widening of the roadbed, and erected a new fence farther back on the Fowlers' property. The plans contemplated that the grade of the highway would be lowered, and this grading was completed in October, 1956. The new pavement was finished in September of 1957, and the appellees filed their claim in the county court on November 19, 1957. The question is whether the claim is barred by the one-year statute of limitations. Ark. Stats., § 76-917.

This statute has been construed in a number of cases. Although it provides that the time runs from the date of the county court order, we have held that when, as here, the landowner is not given notice of the entry of the order, the time runs from the actual taking of the property. *Greene County* v. *Hayden,* 175 Ark. 1067, 1 S. W. 2d 803. In a more recent case, *State Highway Com'n* v. *Holden,* 217 Ark. 466, 231 S. W. 113, it was indicated that the taking occurs when the owner can no longer use his land for its normal and natural purposes.

If these cases are controlling, the appellees' claim was filed too late. By May of 1956 their boundary fence had been moved back and the new right of way had been cleared. From that time on the Highway Department's possession was exclusive, but the claim was not filed until more than seventeen months later.

In seeking to avoid the statutory bar the appellees present a twofold argument. First, it is insisted that the statute did not begin to run until the exact extent of the appellees' damage could be ascertained. Counsel would limit the effect of our prior holdings to the situa-

tion in which the county simply takes a particular tract of land without damaging the rest of the owner's property. An effort is made to distinguish the case at bar on the ground that the appellees suffered consequential damage from the lowering of the grade, and that loss could not be determined with complete certainty until the pavement had been finished and the Highway Department had provided an access road to the appellees' land.

This distinction is not supported by our earlier cases and is not sound law. Uncertainty about the extent of one's damage is not a basis for staying the operation of the statute of limitations. In personal injury cases, for instance, juries often make awards for future pain and suffering or for a loss of earning power. In *Field* v. *Gazette Pub. Co.*, 187 Ark. 253, 59 S. W. 2d 19, the plaintiff's cause of action for lead poisoning was barred even though the nature of the malady and its injurious effects could not be immediately determined.

It is a familiar rule that, when land is damaged by a nuisance of a permanent character, the loss is original and must be fully compensated in a single action. "But it may be added that the fact that the extent of the injury is difficult to determine, or its ascertainment is inconvenient or expensive, does not prevent the injury from being original so as to permit recoveries for recurring injuries." *Davis* v. *Dunn,* 157 Ark. 125, 247 S. W. 793. A narrow exception to this principle was recognized in *Arkebauer* v. *Falcon Zinc Co.,* 178 Ark. 943, 12 S. W. 2d 916, but that exception is not pertinent here.

When the appellees' land was taken in May of 1956 the extent of their eventual loss could have been demonstrated with much more accuracy than is possible in many cases involving contracts or torts. The record shows that the Highway Commission's plans were detailed, embracing a profile of the rehabilitated road and topographical information about the old and new rights of way. Even the physical grading was completed more than a year before the claim was filed. It does not ap-

pear that the proof of damage would have involved any serious difficulties whatever, much less such insurmountable obstacles as to justify a rule that would indefinitely postpone the running of limitations. It goes without saying that a substantial change in the Commission's plans, resulting in increased injury to the landowners, would have constituted a separate taking, as to which the statute would run anew.

Second, it is asserted that the county is estopped to rely upon the defense of limitations. Fowler testified that in the spring of 1956 he had a conversation in front of his house with the county judge. Judge Wallace stated that there would be someone to settle with Fowler for his damages, and also: "I would wait until the highway is completed before you try to settle with them. You don't know how much damage they are going to do, and I don't know, and you have plenty of time after the road is completed." Fowler says that he relied on these statements in not filing his claim promptly.

This testimony is insufficient to give rise to an estoppel. It does not appear that Judge Wallace promised that the county would not plead the statute; he was merely mistaken in his understanding of the law. An estoppel must generally be based upon a material statement of fact; an erroneous expression of opinion about a rule of law does not usually result in an estoppel. Bigelow on Estoppel (6th Ed.), p. 634. In the leading case of *Andreae* v. *Redfield*, 98 U. S. 225, 25 L. Ed. 158, both the collector of customs and the Secretary of the Treasury mistakenly assured the plaintiff that the presentation of his claim to the auditor would prevent the running of the statute of limitations. Despite the plaintiff's reliance upon these assurances the court held that the collector was not estopped to plead the statute. See also *Hilliard* v. *Pennsylvania R. Co.*, 6th Cir., 73 F. 2d 473.

It must also be remembered that the statute requires that the claim be presented to the county court. Ark. Stats., § 76-917. The county judge is not synonymous with the county court. We have held that a contract made

by the county judge alone, without an order of the county court, is not binding upon the county even though the other party to the agreement has performed his part of the bargain. *Rebsamen, Brown & Co.* v. *Van Buren County,* 177 Ark. 268, 6 S. W. 2d 288. If the county judge cannot impose liability upon the county by a formal written contract we do not think it can be said that he can bind the county by a casual conversation in the street.

Reversed and dismissed.

JOHNSON, J., dissents.