**LOCAL 201, INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL-CIO**

v.

**GENERAL ELECTRIC COMPANY.**

Civ. A. No. 58-469.

United States District Court
D. Massachusetts.

April 9, 1959.

James McConnell Harkless, Boston, Mass., for plaintiff.

Warren F. Farr, A. Lane McGovern, Ropes, Gray, Best, Coolidge & Rugg, Boston, Mass., for defendant.

FRANCIS J. W. FORD, District Judge.

This is an action under § 301 of the Labor Management Relations Act, 1947, 29 U.S.C.A. § 185, by a labor union for an order directing defendant employer to arbitrate a dispute under the arbitration provisions of a collective bargaining agreement between the defendant and plaintiff's international union.

■ The pleadings consist of the complaint, to which is attached a copy of the agreement, and defendant's answer, admitting certain allegations of the complaint and denying others. At the trial plaintiff presented no evidence but rested its case on the pleadings. Defendant thereupon moved for judgment under Rule 41(b), F.R.Civ.P. 28 U.S.C.A.

It appears from the pleadings that the dispute, involving the right of an employee to a third week of vacation pay, was processed through the various steps of the grievance procedure provided by the contract and that defendant by letter gave its final decision adverse to the un-

ion's position. Article XV of the agreement provided for arbitration of any grievance remaining unsettled after it had been fully processed pursuant to the grievance procedure, "provided such request is made within 30 days after the final decision of the Company has been given to the Union pursuant to Article XIII, Section 2(c)."

Paragraph 9 of the complaint alleges that on September 12, 1957, this case was submitted to the American Arbitration Association for arbitration upon a timely written request by a representative of the union. Paragraph 9 of the answer admits that by a letter dated September 12, 1957, a representative of the union requested arbitration of the grievance but denies the other allegations of paragraph 9 of the complaint, thereby denying the allegations that the request was timely. Nothing in the pleadings indicates when the defendant gave its final decision to the union and in the absence of any evidence, there is nothing on which the court can base a finding that the request was made within the thirty-day period provided in the agreement.

■ This court cannot order defendant to proceed to arbitration unless it first determines that the conditions precedent to arbitration have been fulfilled, so that defendant in refusing to arbitrate is in breach of its agreement. Boston Mutual Life Insurance Co. v. Insurance Agents' International Union, 1 Cir., 258 F.2d 516. Here plaintiff has alleged compliance with the contractual provisions as to timely request for arbitration but has failed to offer any evidence to show such compliance. Consequently defendant's motion for judgment must be allowed.

■ Plaintiff cannot claim to be unfairly surprised. In addition to defendant's denial in its answer that the request was timely, it is clear from the statements of counsel in argument on plaintiff's motion that both parties have for some time been aware of a factual controversy as to when the company's final decision was given with the com-

888

pany asserting it sent a letter on July 15, 1957, and the union representatives denying receipt of the letter and claiming they did not get notice of the decision until much later. It was with full knowledge of these facts that plaintiff made its decision to rest its case without presenting its evidence, if any, on this controversial issue.

Plaintiff's motion to amend its complaint to allege that defendant did not give its decision within a reasonable time, which was filed only after plaintiff had rested its case, was untimely and is denied.

Plaintiff's motion to amend complaint is denied. Defendant's motion for judgment under Rule 41(b) is allowed and judgment will be entered for defendant, dismissing the complaint.