LOCAL UNION NO. 783, ALLIED IN-
DUSTRIAL WORKERS OF AMERI-
CA, AFL–CIO, et al., Plaintiffs,

v.

GENERAL ELECTRIC COMPANY,
Defendant.

Civ. No. 800.

United States District Court
W. D. Kentucky,
Owensboro Division.

Aug. 21, 1959.

Herbert L. Segal, Louisville, Ky., for plaintiffs.

Morton Holbrook, Owensboro, Ky., for defendant.

BROOKS, Chief Judge.

This is a declaratory judgment action involving Section 301 of the Labor Management Relations Act, 29 U.S.C.A. § 185, seeking enforcement of arbitration provisions of a collective bargaining agreement between Local Union 783, Allied Industrial Workers of America, AFL-CIO, et al., plaintiffs, and General Electric Company, defendant. Cross motions for summary judgment have been filed, and the case is submitted on the record.

The complaint sets forth nine employee grievances which arose between January, 1953, and May, 1957. The Union insists that these grievances must be arbitrated under the provisions of Article VI of the bargaining agreement dated October 20, 1955. The Company advances the argu-

ment, among others, that the contractual provisions of the collective bargaining agreement to arbitrate have been rendered unenforceable by the failure of the Union to comply with the procedural requirements of Article VI.

In each of the nine employee grievances the procedure provided by Section 6 of Article IV was followed, but after having been fully processed, all of the grievances remained unsettled. The next contractual step to settle such disputes is arbitration which is provided for in Article VI of the agreement in pertinent part as follows:

"ARTICLE VI

"Arbitration

"Section 1

"Any grievance which remains unsettled after having been fully processed pursuant to the provisions of Article IV, and which involves either

"(a) the interpretation or application of a provision of this Agreement, or

"(b) a disciplinary penalty (including discharge) imposed on or after the effective date of this Agreement, which is alleged to have been imposed without just cause,

shall be submitted to arbitration upon written request of either the Union or the Company, provided such request is made within 30 days after the final decision of the Company has been given to the Union pursuant to Article IV, Section 3. For the purpose of proceedings within the scope of (b) above, the standard to be applied by an arbitrator to cases involving disciplinary penalties (including discharge) is that such penalties shall be imposed only for just cause.

"Section 2

"(a) Within 10 days following a written request for arbitration of a grievance, the Company or the Union may request the American Arbitra-

tion Association to submit a Panel of names from which an arbitrator may be chosen. In the selection of an arbitrator and the conduct of any arbitration, the Voluntary Labor Arbitration Rules of the American Arbitration Association shall control, except that: (i) notwithstanding any provision of such Rules, the Association shall have no authority to appoint an arbitrator in any matter who has not been approved by both parties until and unless the parties have had submitted to them at least three Panels of arbitrators and have been unable to select a mutually satisfactory arbitrator therefrom; and (ii) either party may, if it desires, be represented by Counsel.

"(b) It is further expressly understood and agreed that the American Arbitration Association shall have no authority to process a request for arbitration or appoint an arbitrator if either party shall advise the Association that such request arises under Section 1(a) of this Article, but that the grievance desired to be arbitrated does not, in its opinion, raise an arbitrable issue. In such event, the Association shall have authority to process the request for arbitration and appoint an arbitrator in accordance with its rules only after a final judgment of a Court has determined that the grievance upon which arbitration has been requested raises arbitrable issues and has directed arbitration of such issues. The foregoing part of this sub-section (b) shall not be applicable if by its terms the request for arbitration requests only relief from a disciplinary penalty or discharge alleged to have been imposed without just cause."

It is to be noted that Section 1 of Article VI provides that, "Any grievance which remains unsettled after having been fully processed pursuant to the provisions of Article IV * * * shall be submitted to arbitration upon written request of either the Union or the

Company, provided such request is made within 30 days after the final decision of the Company has been given to the union * * *." This notice was timely given by the Union, but Section 2(a) providing that, "Within 10 days following a written request for arbitration of a grievance, the Company or the Union may request the American Arbitration Association to submit a Panel of names from which an arbitrator may be chosen," was not complied with, and the Union never made the request provided for by this provision of the contract.

█ It is for the Court to determine as a preliminary matter whether all the conditions precedent to arbitration have been fulfilled. International Union, etc. v. Benton Harbor Mal. Ind., 242 F.2d 536, (C.A. 6); Boston Mutual Life Insurance Co. v. Insurance Agents International Union, 258 F.2d 516 (C.A. 1); Local 201, Inter. U. of E., R. & M. Wkrs. v. General Elec. Co., D.C., 171 F.Supp. 886. This includes the determination of whether the agreement to arbitrate had been rendered unenforceable by the failure of the Union within 10 days following its request for arbitration to ask the American Arbitration Association to submit a list of arbitrators.

The Union insists that compliance with Section 2(a) is not a condition precedent to arbitration that must be fulfilled because the word "may" is permissive and not mandatory. Obviously the word "may" is permissive, but at the same time its use cannot be interpreted to destroy the purpose of the arbitration provisions of the agreement. The agreement provides an orderly time schedule for the speedy settlement of certain controversies, and unless the 10-day limitation is held to be a binding prerequisite of the arbitration process, the parties might never know whether a claim has been definitely abandoned or whether it would be called up at some future date. This is exemplified in the present case where one of the grievances involved dates to January 29, 1953, which is more than 5 years prior to the filing of this suit.

██ The very purpose of arbitration is to expedite and facilitate the settlement of disputes. Cargo Carriers v. Erie and St. Lawrence Corp., D.C., 105 F.Supp. 638. Its object is the speedy and less expensive settlement of controversies than is provided by the formalities, delay and expense of ordinary court procedure. Wabash Ry. Co. v. American Refrigerator Transit Co., 7 F.2d 335, cert. denied, 270 U.S. 643, 46 S.Ct. 208, 70 L.Ed. 776. It must be held, therefore, that compliance with Section 2(a) is a condition precedent and is an essential element of the agreed time schedule for the arbitration of grievances between the parties. See In re Ketchum and Co., Sup., 70 N. Y.S.2d 476, 7 L.A. 954.

The Union further contends that a request to the American Arbitration Association would have been a futile gesture since the Company had informed the Union that none of the grievances involved presented an arbitrable issue and the Company therefore is estopped from relying on the failure of the Union to comply with Section 2(a) of Article VI of their agreement.

██ Section 2(b) of Article VI provides that the American Arbitration Association cannot process a request for arbitration if either party advises the Association that the grievances desired to be arbitrated do not in its opinion raise arbitrable issues. In such an event the Association cannot proceed until after a final judgment of a Court determines that the grievances upon which arbitration had been requested do raise arbitrable issues and orders the arbitration of them. However, the defense of equitable estoppel is not available to the Union. There is nothing unconscionable or inequitable in the Company's expressing its opinion to the Union that the grievances were not arbitrable. The facts were equally well known to both parties and the expression of an opinion on a matter of law raises no estoppel. Sturm v. Boker, 150 U.S. 312, 14 S.Ct. 99, 37 L.Ed. 1093. The contract between the parties provides for notice to the American Arbitration Association if either party is of

the opinion that a grievance is not arbitrable and, again, this is a step in the arbitration process to which the parties have agreed and which the Company would be required to take to maintain its position if the Union had fulfilled the condition precedent contained in Section 2 (a) of their agreement.

Having determined that the arbitration provisions of the collective bargaining agreement are unenforceable for failure to comply with an essential procedural requirement, it is not necessary to reach the other issues raised by the pleadings.

An order sustaining the motion of the defendant, General Electric Company, for summary judgment is this day entered.