412 P.2d 1

**The STATE of New Mexico ex rel. S. E. REYNOLDS, State Engineer, Plaintiff-Appellee,**

**v.**

**Joe P. McLEAN, Defendant-Appellant.**

**No. 7735.**

Supreme Court of New Mexico.

March 7, 1966.

Earl E. Hartley, Atty. Gen., Santa Fe, Charles D. Harris, Sp. Asst. Atty. Gen., Roswell, for appellee.

H. C. Buchly, Roswell, for appellant.

· CARMODY, Chief Justice.

This case is an outgrowth of the water adjudication suit brought by the state engineer to determine priorities and extent of ownership of water rights in the Roswell Artesian Basin. The district court confirmed the report of the special master and the defendant appeals. The jurisdictional omission which caused dismissal of the prior appeal (State ex rel. Reynolds v. McLean, 1964, 74 N.M. 178, 392 P.2d 12) has now been corrected.

The. facts upon which this appeal is grounded are briefly as·follows: In 1947, defendant's predecessor formulated a plan to place under cultivation and irrigation about 500 acres of land. At about that time, several wells were commenced, one of which (well No. 6) was drilled to a depth of sixty or seventy feet, where drilling was stopped because of quicksand. In 1948, defendant purchased the property and claimed that in the Summer of 1949 he deepened well No. 6 and obtained water. In the interim, the state engineer had ordered the

"Northern Extension of the Roswell Basin" on January 12, 1948. On January 10, 1950, defendant filed with the state engineer a declaration of ownership of water for the acreage here involved, accompanied by a surveyor's plat. This declaration specifically referred to another well, No. 5, but included the following statement:

"This well [5] is also irrigating land already being declared. It is also to have supplemental right from a new well [6] located in NW¼NW¼NW¼, Sec. 22, T. 9 S., R. 24 E."

The above seems to be the only reference in the declaration to well No. 6. Under date of April 24, 1950, the state engineer, by letter to the defendant, recognized that certain of the defendant's acreage had a valid water right, but that other acreage did not. The portions of the letter with which we are concerned are as follows:

"The· State Engineer may recognize as technically valid only those lands. which had been irrigated prior to our field check of March 1949, made upon photos taken in February 1949.
\* \* \*

\*　　\*　　\*　　\*　　\*　　\*

"Declaration describing your well No. 5, located in the SW¼NW¼SE¼, Section 15, describes 160 acres in Section 15. I believe that no rights exist under that well for the irrigation of any of the lands described."

According to the record, nothing further was done to place the land under irrigation until the defendant was brought into the adjudication case in 1959, followed by a hearing and the special master's recommending that defendant be allowed the right to irrigate 316.8 acres but disallowing the right to irrigate the 160 acres here involved. The district court confirmed the conclusions and recommendations of the special master and refused to find, as claimed by the defendant, that the state engineer should be estopped from denying the defendant the right to complete his appropriation as to the 160 acres. As a part of the district court's decision appears what are termed conclusions, as follows:

"I. That the defendant had a reasonable time after commencement of the initial act of appropriation, to place under irrigation the lands which defendant intended to irrigate.

"II. That a period of two years after January 12, 1948 was a reasonable time within which to place lands under irrigation in the Northern Extension of the Roswell Artesian Basin."

Although stated in different terms, defendant's sole contention is that the state engineer's letter of April 24, 1950, caused the defendant to stop from carrying out his plan to cultivate the acreage involved and complete his appropriation of water therefor.

Defendant does not make any attack upon the above-quoted conclusions, and in view of this it is difficult, if not impossible, to understand how any type of estoppel could arise, the letter relied on having been written some three months *after* the expiration of the two-year "reasonable time" determined by the court. Be this as it may, we do not deem it necessary to determine the case on this basis, because, in any event, there is no estoppel under any theory of the law. At the very most, the letter from the state engineer is only the expression of an opinion, and the law is well settled that where the facts are equally well known to both parties, the expression of an opinion on a matter of law raises no estoppel. See Sturm v. Boker, 1893, 150 U.S. 312, 14 S.Ct. 99, 37 L.Ed. 1093; Local Union No. 783, Allied Indus. Wkrs., etc. v. General Electric Co. (W.D.Ky.1959), 213 F.Supp. 273; Hot Spring County v. Fowler, 1959, 229 Ark. 1050, 320 S.W.2d 269; Gilbert v. City of Martinez, 1957, 152 Cal. App.2d 374, 313 P.2d 139; and Seiber v. Ringgold, 1957, 231 La. 983, 93 So.2d 530. See also Bigelow on Estoppel, 6th ed., 634–36. The statement in the letter from the engineer, "I believe that no rights exist * * *," is no more and no less than an

opinion by a prospective litigant that, under the facts, the addressee would not be successful if the case were taken to court. Cf. Local Union No. 783, Allied Indus. Wkrs. etc., v. General Electric Co., supra. Suffice it to say that the defendant had every right, following the receipt of the April, 1950, letter, to seek a legal determination of the problem, rather than sit idly by and, at this late date, claim an estoppel.

Although estoppel is not applicable here, even if we were to consider it, the defendant could not prevail under the well-recognized rules relating to the doctrine.

The essential elements of estoppel have been set forth by us in prior opinions, see Westerman v. City of Carlsbad, 1951, 55 N.M. 550, 237 P.2d 356, and In re Williams' Will, 1962, 71 N.M. 39, 376 P.2d 3, and it is readily apparent that certain of the elements of equitable estoppel are here lacking: first, there is no conduct on the part of the state engineer amounting to a false representation or concealment of material facts calculated to convey the implication that the facts are otherwise than, and inconsistent with, those which the state engineer subsequently attempted to assert; and secondly, as applied to the defendant here, there was no lack of knowledge and of the means of knowledge of the truth as to the facts in question.

It should be understood that, in this case, we do not reach the question of whether or not the state can be estopped to assert its right in the administration of the public waters of the state. By nothing that we have said herein do we mean to imply whether, under different facts than here present, an estoppel can or cannot be asserted against the state. See State ex rel. Erickson v. McLean, 1957, 62 N.M. 264, 308 P.2d 983, and cf. State ex rel. Bliss v. Davis, 1957, 63 N.M. 322, 319 P.2d 207. Under these facts, equitable estoppel is not available to the defendant, and the trial court's decision, that the defendant did not use reasonable diligence to place the lands under irrigation, is eminently proper. The rule stated by us in State ex rel. Reynolds v. Mendenhall, 1961, 68 N.M. 467, 362 P.2d 998, contemplates reasonable diligence in the completion of the work, and this is not present here.

The judgment will be affirmed. It is so ordered.

NOBLE and COMPTON, JJ., concur.