5-3833                                       400 S. W. 2d 651

5-3833

Opinion delivered March 28, 1966

*Sam L. Anderson,* for appellant.

*William H. Arnold,* for appellee.

Paul Ward, Justice. In this litigation Mr. and Mrs. Carl D. Runyan seek to be recompensed for the taking of a right-of-way over their forty acres of land.

On November 9, 1963 Mr. Runyan agreed in writing to give Clark County, free of charge, the right to improve Highway No. 84 which crossed the said land. Pursuant thereto the Arkansas State Highway Commission, co-

operating with the county judge, proceeded to enter upon said land and began working.

On November 12, 1963 Mrs. Runyan wrote the county judge and the Commission, notifying them she had an interest in the land, and that she was demanding remuneration. One week later the county court, by proper order, condemned a right-of-way across the land along the existing road, and the construction work continued.

On April 8, 1965 Mr. and Mrs. Runyan (appellants herein) for the first time filed a claim in the county court asking for damages. The claim was promptly disallowed by an order of the county court. One month later an appeal from said order was perfected to the circuit court.

On May 15, 1965 Clark County filed, in the circuit court, a Petition to dismiss the appeal taken by appellees. The trial court, treating the Petition as a Motion, granted the same, holding appellants' claim was barred by the Statute of Limitations. From such holding comes this appeal.

The issue for decision here is well stated by appellants in their brief where this statement appears:

"Due to the fact that there is no testimony that has been taken in the matter before the Court and the entire proceedings are based on the question of law, the only point to be determined by the Supreme Court is whether or not the lower Court erred in granting a Motion to Dismiss . . . . "

In our opinion th trial court was correct in dismissing the appeal. It was well established that, in a case of this kind, a landowner has the right to file a *duly verified* claim with the county court, but it must be done within twelve months after the order of condemnation is made. See: Ark. Stat. Ann. § 76-917 (Repl. 1957), Act 422 of 1911, Act 611 of 1923, and *Hot Spring County* v.

*Fowler,* 229 Ark. 1050, 320 S. W. 2d 269. Here the county court order was made some sixteen months before the *verified claim* was filed by appellants. It is not disputed by appellants, and the record affirmatively shows, that they knew their land was being taken for highway purposes more than twelve months before the claim was filed.

Affirmed.