BILLY H. GIPSON *v.* MALVIN BRAND, COUNTY JUDGE, ET AL

5-5979                                    482 S.W. 2d 630

Opinion delivered July 17, 1972

*Rose, Barron, Nash, Williamson, Carroll & Clay,* for appellant.

*Ray Thornton,* Atty. Gen., by *Henry Ginger,* Deputy Atty. Gen., and *James Guy Tucker,* Prosecuting Attorney for Sixth Judicial Circuit, for appellees.

CONLEY BYRD, Justice. This litigation grows out of a county court condemnation order for the location of Highway 300 in Perry County. Appellant together with other landowners and the County Judge requested the Arkansas State Highway Commission to hard-surface the road in question. The plan called for the landowners to provide the necessary right-of-way without cost. Pursuant to the plan, the Highway Department prepared the condemnation order entered by the County Court on January 29, 1969. Prior thereto, the sheriff had carried around

waivers of formal notice which the property owners signed. Appellant and his wife signed their "Waiver of formal Notice" required by Ark. Stat. Ann. § 76-926 (supp. 1971), on January 22, 1969. In doing so however, he made the following notation on the bottom thereof: "To reserve dipping vat on this property." The county Judge thereafter told him that everything had been worked out and the dipping vat was going to be left. Gipson also talked to one of the Highway Department's engineers about the vat. When the engineer observed that the vat was on the right-of-way, appellant mentioned that it had been reserved. The engineer then stated that he saw no reason why they couldn't move the right-of-way over a few feet.

Clearing work began in the area in 1969. The bulldozers worked up to the vat but left it. A storm cellar and a water trough were dozed out in the spring of 1970, but the dipping vat was not interfered with. After the hardsurface had been laid, appellant received from the Highway Department the following letter:

"Dear Mr. Gipson:

On the above construction project a dipping vat which is on the right-if-way for the project, must be removed in order to complete the project. It is reported to me that the contractor on the project has been ordered not to disturb the dipping vat and that our Area Foreman for Perry County, Jay English, has been advised that he would not be permitted to fence an open gap in the right-of-way fence adjacent to the dipping vat.

As you know the right-of-way for the above construction project was furnished to the Highway Department by action of the County Court of Perry County and at the time of the construction the County Judge advised me that you had made a request that a dipping vat be reserved for your use. After checking on this matter, I advised the County Judge that it would not be possible to leave the dipping vat on the right-of-way nor would it be permissible, should

the vat be left on the right-of-way, to use the vat for the dipping of cattle or other livestock.

Since the contractor at this time is trying to complete the project, including dressing of slopes and ditches and so forth, it is requested that you give serious consideration to withdrawing your orders that the vat not be disturbed. We would appreciate it if you would give this matter your immediate consideration and also hope that this matter can be settled amicably in order that the improvement of Route 300 can be completed.''

Thereafter the Highway Department obtained an injunction against appellant. Appellant answered and cross-complained against the county. The County defended on the ground that appellant's claim was barred by the one year statute of limitations on the filing of claims for compensation in eminent domain actions. After appellant finished his proof the chancellor sustained a demurrer to the evidence and dismissed the cross-complaint against the county.

In *Werbe* v. *Holt,* 217 Ark. 198, 229 S.W. 2d 225 (1950), we pointed out that upon a demurrer to the evidence only a question of law as to the sufficiency of the evidence is involved and that in ruling upon the motion the chancellor is not to weigh the evidence but to construe the evidence in the light most favorable to the plaintiff and to rule against the plaintiff only when the evidence fails to make a prima facie case. Because of that rule, we have stated the foregoing facts in the light most favorable to appellant.

To reverse the action of the chancellor in ruling that the one year statute of limitations had barred the claim, appellant relies upon an estoppel and cites our case of *Prothro* v. *Williams,* 147 Ark. 535, 229 S.W. 38 (1921). In that case both before and after the assessment of betterments appellee had protested the location of the levee. After the benefits were assessed, but before the time limit for filing claims had expired, the Commissioners promised appellee that they would see about changing the location

of the drainage ditch and assured her that if they could not change the location they would again contact her. The district cleared the right-of-way for the alternate route suggested by appellee. She did not learn that no change had been made until actual construction was started. In holding that the district was estopped to rely upon the bar of the statute of limitations, it was there said:

". . .The conduct of the commissioners, although not intended to deceive or to mislead the appellee, nevertheless had that effect, and to enable them or the district through them by virtue of this conduct to deprive her of her property would be perpetrating a fraud upon her through the forms of law."

The County Judge here involved, of course, did not intend to deceive his friend—rather it appears that perhaps the Highway Department may have "taken some backwater" on him, but to permit the county at this time to claim the bar would be most inequitable. It follows that the chancellor erred in sustaining the demurrer to the evidence.

For affirmance appellee relies upon *Hot Spring County* v. *Fowler,* 229 Ark. 1050, 320 S.W. 2d 269 (1959). In that case there was no question about the entry and the only ground of estoppel was a conversation near the property in which the County Judge had told Fowler that there would be someone to settle with him for his damages but that he ought to wait until the highway was completed. In holding that such a casual conversation would not create an estoppel it was pointed out that the County Judge was only mistaken as to the law and that an estoppel could not be based upon an erroneous opinion about a rule of law. Here the matter in issue was the inclusion or exclusion of the dipping vat in a right-of-way—an obvious question of fact. Since no entry was made on the dipping vat, appellant here had every right to think that the vat was not in the right-of-way.

The other point raised by appellant has to do with the testimony of John Carden who testified as to the damages.

All of the proof was to the effect that the difference between the before and after value was the cost of building a comparable dipping vat. As we view the testimony of Mr. Carden his testimony contains no basis to sustain his replacement cost of the dipping vat. Admittedly the witness had never built a dipping vat nor could he estimate the man hours or work days necessary to construct the vat. Upon this record, we hold that the chancellor properly sustained the ·objection to the proffered testimony.

Reversed.