GREENE COUNTY v. HAYDEN.

Opinion delivered January 16, 1928.

1. EMINENT DOMAIN—NOTICE OF TAKING LAND.—While a statute may be constitutional which contains no provision for notice to a landowner as to the necessity for taking his land for public use, a statute would be unconstitutional, which, after taking his land, made no provision for notice to the landowner in the matter of fixing compensation.

2. EMINENT DOMAIN—TAKING OF LANDS FOR ROAD—LIMITATION.—Where the county court, without notice to landowners, entered an order in June, 1924, condemning land for a public road, but made no attempt until January, 1926, to put the order into effect, at which time the road was surveyed and laid out, claims of landowners for damages filed in April, 1926, were not barred by the one-year limitation in Crawford & Moses' Dig., § 5249, since the owners were not charged with notice of the order of condemnation until the county took their property thereunder.

Appeal from Greene Circuit Court, Second Division; *W. W. Bandy,* Judge; affirmed in part.

*Z. B. Harrison,* for appellant.

*Jeff Bratton,* for appellee.

SMITH, J.  C. H. Hayden, W. T. Lewis, Mrs. M. C. Benton, C. W. Terry and W. H. Goldman filed separate claims in the county court of Greene County for damages arising from an order of the county court of that county laying out and establishing a public road over their lands. The county court disallowed the claims, upon the ground that they were barred by the statute of limitations, and an appeal was duly prosecuted by the landowners to the circuit court, where there was a trial before a jury, and a verdict and judgment in favor of all the claimants, except Goldman.

It appears that the county court on June 6, 1924, made and entered of record an order condemning a public road which runs through the lands of all the claimants. This order was made without notice of any kind, and no action was taken by the county to put the order into effect until January, 1926, when the road was surveyed and laid out in accordance with the order of the county court establishing it. In April, 1926, the

landowners filed their respective claims for damages. The cases were consolidated, and tried as a single case in the circuit court, and the landowners asked an instruction to the effect that the statute of limitations against their claims did not begin to run until they had notice that their lands had been condemned by entry thereon to execute the order of condemnation, or until they were otherwise notified that such an order had been made. The court refused to give this instruction, but did submit the causes to the jury upon the question of estoppel arising from the conduct of the county judge, except as to the claim of Goldman.

There was testimony on the part of all the claimants, except Goldman, that they had been misled by the county judge as to the order made, this testimony being to the effect that they would be notified by the county judge when the actual survey of the road would be made and the route of the road located, after which they might present their claims, and would then be paid such damages as were assessed. These conversations were had within a year of the date upon which the claims were filed. The court held that no such representations had been made to Goldman, and that he was barred from prosecuting his suit, inasmuch as he had not filed his claim for damages for more than a year after the entry of the order of condemnation. The jury found, under the instructions submitting that question, that the county was estopped, under the representations and conduct of the county judge, from pleading the statute of limitations as to the other claimants, and the damages sustained by them were found and assessed by the jury. No complaint is made against the amount of damages thus assessed, but it is insisted, for the reversal of the judgment in favor of those claimants, that their claims were barred because they were not filed within one year from the date of the order of condemnation, and that the court erred in refusing to so instruct the jury. Goldman has appealed from the judgment of the court holding his claim barred.

The county court, in laying out and in ordering the establishment of the road in question, proceeded under the authority of § 5249, C. & M. Digest. This section provides, among other things, that the county court shall have power to open new roads and to make changes in old ones, and that, if the owner of the land over which any road is laid out by the court refuses to give a right-of-way, or to agree upon the damages therefor, the owner shall have the right to present his claim to the county court for damages, and, if he is not satisfied with the amount allowed him by the court, a right of appeal to the circuit court is given; provided, however, that "no claim shall be presented for such damages after twelve months from the date of the order laying out or changing any road; provided, further, that when such order is made and entered of record laying out or changing any road, the county court, or the judge thereof, shall have the right to enter upon the lands of such owner and proceed with the construction of such road." Another proviso relates to the manner of paying the damages, a question not raised or involved on this appeal.

This statute was construed in the case of *Sloan* v. *Lawrence County,* 134 Ark. 121, 203 S. W. 260. It was there contended that the act was void, for the reason that it gave the landowner no notice or opportunity to be heard on the right to take and appropriate his land for a public use, or to be heard as to the compensation which should be paid him as damages for such taking. The act was upheld as a valid one by a divided court. The majority were of the opinion that the landowner has a right to his day in court on the question of compensation, but that he had no right to a day in court on the question of the appropriation of the land, unless some statute required that notice be given, and that the statute did not so require.

The majority approved the following statement of the law in Elliott on Roads & Streets, vol. 1, § 224:

"No better summary of the law on this subject and the state of authorities with reference thereto can be

found than that of Mr. Elliott (vol. 1, § 224) in the following: 'The Legislature may decide the question of the necessity of appropriating the land, and need not submit that question to any tribunal. It follows from this that, while the Legislature may submit this question to inferior tribunals and may require notice, they are not bound to provide for notice on this question, although they are bound to provide for notice on the question of compensation. There is therefore a clear distinction between cases involving the right to compensation and cases where the question of necessity is at issue. The rule which applies to the one class of cases cannot, with reason, be applied to the other. Losing sight of this distinction, some of the courts in their reasoning have become confused, and have erroneously intimated that, as notice is not necessary in the one class of cases, it is not in the other. It is, however, held in most of the cases which have given the subject careful consideration that a statute will be valid which determines without any intervention the question of the necessity for the appropriation, or submits it, without providing for notice, to an inferior tribunal, but that a statute which undertakes to determine the question of compensation or to submit it to commissioners or appraisers, without providing for notice, is unconstitutional.' "

It thus appears that a statute may be constitutional which contains no provision for notice to the landowner as to the necessity for taking his land, and that the land may be taken for a public use without notice, but a statute would not be constitutional after thus taking the land if no provision were made for notice to the landowner in the matter of fixing the compensation.

The opinion in the case quoted from expressly recognizes the necessity for notice of the hearing when the compensation is fixed, but declares that the statute meets this constitutional requirement. Upon this question it was there said:

"The statute under consideration meets every constitutional requirement. It authorizes the county court

to determine without notice the necessity for taking lands for public use, but contains ample provisions concerning notice and hearing upon the question of compensation, or damage, which mean the same thing in that connection. There is no provision for formal notice, but the order itself and the taking of the property thereunder are in the very nature of things acts of such publicity as to constitute notice, and the property owner is given twelve months within which to apply to the county court for an allowance of compensation, and the hearing is then given on that question.''

In other words, it was there held that, while the property owner must have notice in order that he may have the opportunity to present, and to be heard in support of his claim for damages, the order of condemnation and the taking of the property thereunder furnishes this notice, although formal notice was not given.

Here the undisputed evidence shows that the order of condemnation was entered in June, 1924, and that the county remained quiescent until January, 1926, at which time the route of the road as described in the order of condemnation was surveyed, but more than a year had then expired since the making and entry of the order of condemnation.

The law does not permit a proceeding of this character to deprive the property owner of his day in court. If it did, the property owner would be deprived of his right to be heard upon the question of compensation, and there is no question, under the Sloan case, *supra*, about the existence of this right. No legislation can deprive the landowner of this right. Yet, in practical effect, these landowners have been deprived of that right. Their causes of action were barred under the contention of the county before they were advised that it had accrued.

The order of the county court did not recite the names of the owners of the land over which the road run, and nothing was there said about compensating these owners for their damage. It was not essential that this should

be done, under the case of *Sloan* v. *Lawrence County, supra,* to make a valid order; but, upon the authority of the same case, it was necessary and essential that these landowners have the opportunity to present their claims for damage and to be heard in support thereof. Formal notice might have been given, but this was not done, and was not necessary; but, in the absence of formal notice, the landowners were not charged with notice of the order of the court condemning their property until the county, in some way, took the property thereunder. This taking of the property under the court order was the notice which the court said, in the Sloan case, *supra,* saved the act from being declared unconstitutional by failing to provide notice to the property owner that his land had been taken. The constitutional requirement of notice, whereby the property owner might be heard on the question of damages, was met in that case because, as was there said, the taking of the property under the order was itself notice. But if this taking was sufficient notice —and the court held that it was—there was no notice in this manner until there was a taking of the property under the order of condemnation.

It follows therefore that the causes of action were not barred, as the statute did not begin to run against the landowners until they had notice of the order of condemnation by the taking of their land by the entry thereon by the surveyor, and the claims were all properly filed within a year of that time.

As no complaint is made against the amount of damages assessed, the judgments in favor of the landowners who recovered judgments will be affirmed; and the judgment dismissing the claim of Goldman will be reversed, with directions to assess any damages he may have sustained.