Ark. State Highway Commission *v.* Cook.

5-2003 **329 S. W. 2d 526**

Opinion delivered December 14, 1959.

*W. R. Thrasher, W. B. Brady,* for appellant.

*Ohmer C. Burnside,* for appellee.

George Rose Smith, J. In 1940 a number of Chicot county landowners gave the state highway department the right of way for a highway leading to the Greenville Bridge. The grant was put into effect by means of a condemnation order entered by the county court. In 1941 six of the landowners brought a suit in equity to reform the county court order, asserting that the order had wrongfully described more land than the owners meant to contribute. The chancery court, apparently with the consent of the highway department, entered a decree correcting the county court's description of the right of way. The present case turns upon the meaning of that decree, its validity not being in issue.

In 1958 the Highway Commission, preparing to re-construct part of the highway in question, brought this action to condemn additional land so that the right of way would be 120 feet wide. With respect to the only part of the appellee's land that is involved in this dispute the Commission contends that by virtue of the original county court order it already has an easement varying from 100 to 110 feet in width, so that the Commission needs to acquire only 2.435 acres to widen the right of way to 120 feet. The Commission maintains that the

county court order, as far as these lands are concerned, was wholly unaffected by the chancery decree. This argument is disputed by the appellee, who insists that the effect of the chancery decree was to reduce the easement across her land to the 40-foot strip actually used for public travel. In this view the Commission must condemn a total of 6.423 acres to widen its right of way to 120 feet. The circuit court ruled for the appellee, and this appeal is from a judgment upon a verdict fixing the value of the 6.423 acres at $11,500.

The pivotal question is that of determining to what extent the chancery court modified the county court's description of the right of way. The land now involved lies between Station 350 00 and Station 378 50.8, and the specific question is whether the chancery court reduced, or perhaps eliminated entirely, the state's right of way between those stations.

The county court order contained a surveyor's description of the centerline of the right of way, divided into numbered stations, and then set forth the width of the right of way by means of the following paragraph and appended note:

"The right of way* widths conveyed each side of the hereinabove described centerline are as follows:

| Station to Station | | | | Lin. Ft. | Width to Left of Centerline | Width to Right of Centerline | Total Width |
|---|---|---|---|---|---|---|---|
| | | | | | Variable | | Variable |
| 236 | 00 | 240 | 34.8 | 434.8 | *70± | 40' | 110± |
| Equation Station 240 34.8 back equals Station 209 36.8 ahead. | | | | | | | |
| | | | | | Variable | | Variable |
| 209 | 36.8 | 226 | 00 | 1,663.2 | *70± | 40' | 110± |
| 226 | 00 | 227 | 00 | 100 | 40' | 40' | 80' |
| 227 | 00 | 249 | 00 | 2,200 | 60' | 40' | 100' |
| 249 | 00 | 250 | 68 | 168 | 40' | 40' | 80' |
| 250 | 68 | 256 | 00 | 532 | 60' | 40' | 100' |
| | | | | | Variable | | Variable |
| 256 | 00 | 348 | 00 | 9,200 | *70± | 40' | 110± |
| | | | | | Variable | | Variable |
| 348 | 00 | 350 | 00 | 200 | *70± | 60' | 130± |
| 350 | 00 | 368 | 00 | 1,800 | 60' | 40' | 100' |
| 368 | 00 | 378 | 50.8 | 1,050.8 | 60' | 50' | 110' |

"*Note: In any event the Station numbers indicated and marked shall include right of way widths on the left extending to the low water level of Lake Chicot."

It will be seen that in the foregoing tabulation the stations are listed in ten groups or calls. In the first, second, seventh, and eighth calls the width of the right of way to the left of the centerline is given as a variable 70 feet, plus or minus, with the footnote explaining that these widths are to extend to the low water level of Lake Chicot. In the 1941 chancery suit the sole relief sought by the six plaintiffs was a correction of these four variable calls. The complaint alleged that in places the strip between the highway and the lake was more than 300 feet wide, that the landowners had intended to give an easement only 100 to 110 feet wide, and that the inclusion of excessive land in the county court order amounted to a constructive fraud upon the plaintiffs.

The decree found that the county court order should be corrected. After reciting the surveyor's description of the centerline the decree granted relief in the following paragraph, which is the focus of controversy in the case at bar:

"The right of way widths conveyed each side of the hereinabove described centerline are as follows:

| Station to Station | | | | Lin. Ft. | Width to Left of Centerline | Width to Right of Centerline | Total Width |
|---|---|---|---|---|---|---|---|
| 236 | 00 | 240 | 34.8 | 434.8 | 40' | 40' | 80' |
| Equation Station 240 34.8 back equals Station 209 36.8 ahead. | | | | | | | |
| 209 | 36.8 | 226 | 00 | 1,663.2 | 40' | 40' | 80' |
| 226 | 00 | 227 | 00 | 100 | 40' | 40' | 80' |
| 227 | 00 | 249 | 00 | 2,200 | 40' | 40' | 80' |
| 249 | 00 | 250 | 68 | 168 | 40' | 40' | 80' |
| 250 | 68 | 256 | 00 | 532 | 40' | 40' | 80' |
| 256 | 00 | 348 | 00 | 9,200 | 40' | 40' | 80' |
| 348 | 00 | 350 | 00 | 200 | 40' | 60' | 100' |

same is vested in the State of Arkansas, for said road purposes, and that title to the remaining lands described in said county court order be and the same is hereby declared in the respective property owners, without regard to the provisions of said order of said County Court."

It will be observed that the chancery decree repeated only the first eight of the ten calls in the county court

order, omitting the last two calls that deal with Stations 350 00 to 378 50.8. This omission is the basis for the appellee's argument, as her land lies within the omitted calls. She contends that the effect of these operative words in the decree, "that title to the remaining lands described in said county court order be and the same is hereby declared in the respective property owners," was to completely destroy the state's easement across the land in the two omitted calls, though she admits that in the years since 1941 the state has acquired a prescriptive right to the 40-foot strip actually used for public travel.

Cogent reasons compel us to reject the appellee's argument. To begin with, the decree cannot be isolated from its context; it must be construed in the light of the complaint to which it was responsive. That complaint related only to the variable widths in the first, second, seventh, and eighth calls. The land that lay along the stations in the ninth and tenth calls was not subject to a variable easement and thus was not affected in any way by the issue raised in the complaint; indeed, the appellee's predecessor in title was not even a party to the suit. There is no reason to suppose that the chancellor meant to go beyond the issues framed by the pleadings and to adjudicate the rights of persons who were not represented in the case. That the chancellor did not so intend is further indicated by the fact that the preliminary recitals of the decree also refer only to the first eight calls, which suggests that the operative language of the decree was also limited to those calls.

Finally, the appellee's construction of the decree would mean that the highway department relinquished without protest its entire easement for a distance of 2850.8 feet along the centerline of the highway, which apparently had already been paved, so that the state voluntarily assumed the role of a trespasser. We are not persuaded that such a patently impractical construction must be placed upon the words of the decree.

Reversed and remanded for a new trial upon all other issues.