5-2381                                          345 S. W. 2d 632

Opinion delivered May 1, 1961.

*Dowell Anders* and *H. Clay Robinson,* for appellant.

*DuVal L. Purkins,* for appellee.

GEORGE ROSE SMITH, J.    In 1940 the state highway department constructed a paved highway across the appellee's land, leading to the Greenville bridge. The acquisition of the right of way was evidenced by a county court condemnation order, which described the public easement and required that any aggrieved landowner present his claim for compensation within one year. Ark. Stats. 1947, § 76-917. The easement condemned across

the appellee's land was in part 100 feet wide and in part 110 feet wide. The appellee was paid $600 for her crop damage, but she did not ask to be paid for the easement that was taken.

In 1958 the Highway Commission decided to reconstruct the highway in question and to that end brought this action to condemn enough land to enlarge its easement to a uniform width of 120 feet. With respect to the appellee's land the Commission took the position that it already had the easement described in the 1940 county court order, varying from 100 to 110 feet in width, and that an additional 2.435 acres would be needed to widen the right of way to 120 feet. The appellee at first contended that the public had no easement at all across her lands, but that contention was rejected upon the first appeal. *Ark. State Highway Comm.* v. *Cook*, 231 Ark. 401, 329 S. W. 2d 526.

Upon remand the appellee amended her answer to allege that the state's easement was limited to the 80-foot strip actually used for the highway and its shoulders. As a basis for this allegation it was asserted alternatively (a) that the Commission originally acquired only an 80-foot easement under the county court order, or (b) that if a greater easement was acquired the Commission had abandoned all except the 80 feet in actual use. Upon these theories the appellee insisted that the Commission would have to take an additional 4.02 acres to widen its 80-foot easement to 120 feet. Over the Commission's objection the appellee's theory of the case was submitted to the jury, which awarded compensation of $10,000 upon a finding that the taking amounted to 4.02 acres.

The court erred in submitting to the jury the issues raised by the appellee's answer, for there is no evidence to support the view that the existing public easement is only 80 feet wide. The 1940 county court order is shown by undisputed evidence to have been valid, and its effect was to create a public right of way that varied from 100 to 110 feet in width.

In contending that the county court order was effective only as to an 80-foot strip the appellee relies upon testimony showing that the Highway Commission has actually used only that amount of her land. We are referred to a number of cases which hold that the taking under a county court order such as this one is not complete until there has been an actual entry upon the land. It is accordingly argued that in this instance only an 80-foot easement was taken, because only an 80-foot strip was entered.

This argument misconceives the nature and purpose of the rule relied upon. The statute that authorizes condemnation by the county court is ostensibly defective, in that it makes no provision for the giving of notice to the landowner whose property is being taken. Ark. Stats., § 76-917. Notice is essential, however, for the landowner is entitled to a hearing upon the issue of compensation. The cases cited by the appellee have simply saved the act from invalidity by holding that the actual entry upon the land supplies the required notice to the landowner.

The holding in *Greene County* v. *Hayden,* 175 Ark. 1067, 1 S. W. 2d 803, is typical. There the county authorities did not actually enter the land until more than a year after the rendition of the order condemning the right of way. We held that the one year allowed for the filing of claims did not begin to run until the entry upon the land, for that was the landowner's first notice of the condemnation. It was pointed out that formal notice (as by the service of a summons) might have been given, "but, in the absence of formal notice, the landowners were not charged with notice of the order of the court condemning their property until the county, in some way, took the property thereunder."

We need not discuss every one of the cases cited; they are all in harmony. In *State Highway Comm.* v. *Holden,* 217 Ark. 466, 231 S. W. 2d 113, the rule was restated, with the additional holding that the driving of stakes upon the land did not amount to an entry. Simi-

larly, it was held in *Ark. State Highway Comm.* v. *Dobbs,* 232 Ark. 541, 340 S. W. 2d 283, that the landowner was not put on notice of the county court order when the highway department merely repaved an existing street without making a new entry upon private property. On the other hand, the right to compensation is lost if the owner fails to file his claim within a year after the entry. *Hot Spring County* v. *Fowler,* 229 Ark. 1050, 320 S. W. 2d 269.

The appellee is mistaken in arguing that the highway department's entry upon the land is notice to the landowner of the *extent* to which his property is being taken. This is not the case, nor should it be. Such a rule would mean that the validity of the public easement would rest in the uncertainties of oral evidence; for the highway department, even after having paid for the easement in full, might have to prove many years later that it had in fact entered upon every foot of the land condemned.

Here it is shown by undisputed proof that the department actually entered the appellee's land in 1940 and built a road. To put the matter beyond any possibility of doubt it also appears by the appellee's own admission that she filed a claim for crop damage. Thus she had actual notice of the proceeding in the county court and is as fully bound by the order as if she had been served with a summons or had entered her appearance. Her right to compensation was lost by her failure to file a claim within the one year allowed by the statute.

Upon the alternative issue of abandonment the only proof is that the highway department had not actually used the entire right of way, which has been encroached upon by the appellee's fences and improvements. It is quite generally held that the public's failure to occupy its entire easement does not constitute an abandonment of the unused portion. *Graham* v. *Ballard,* 157 Calif. 96, 106 P. 215; *Wolfe* v. *Sullivan,* 133 Ind. 331, 32 N. E. 1017; *Olwell* v. *Travis,* 140 Wis. 547, 123 N. W. 111. And of course the appellee's encroachments are without sig-

nificance, the public highways not being subject to adverse possession. Ark. Stats., § 37-109.

In the course of two trials this case has been fully developed. There is only one issue for the jury, the appellee's right to compensation and consequential damages for the taking of 2.435 acres. The cause will therefore be remanded for a new trial upon that issue only.

Reversed.