ARK. STATE HIGHWAY COMM. *v.* ANDERSON.

5-2636                                                    354 S. W. 2d 554

Opinion delivered March 5, 1962.

[Rehearing denied March 26, 1962.]

*Dowell Anders, W. R. Thrasher* and *Thomas B. Keys,* for appellant.

*Cooper Jacoway,* for appellee.

PAUL WARD, Associate Justice. Prior to May 19,. 1961 appellant, the Arkansas Highway Commission, pursuant to a condemnation order entered by the County Court of Pulaski on October 24, 1935, began widening and reconstructing Highway No. 10. The county court order provided that all claims for land taken or damages done must be filed within one year or they would be forever barred. On the date first mentioned nine affected property owners filed a complaint in the Chancery Court of Pulaski County to enjoin appellant from going on their lands or attempting to use the same for the purpose of widening Highway No. 10. Appellant, in its answer, alleged that it was proceeding to widen the highway under authority of the said county court order and asked to have the complaint dismissed. After a hearing, at which much testimony and many exhibits were introduced, the trial court granted the landowners the requested relief.

*Pertinent Facts.* The portion of the highway involved, generally speaking, runs west and northwest from Hughes street for a distance of approximately one-fourth of a mile through White City addition to Little Rock and (apparently) along the south side of Plunkett's subdivision of Forrest Park. Abutting the highway on the south side: Kraftco Building Supply, Inc. owns lots 3, 4, 5 and 6, block 3, White City addition; D. H. Garner and his wife own lots 4, 5 and 6, block 2, White City addition. Abutting the highway on the north side: James G. Ralph and Travis V. Talley own lot 1, block 1, White City addition; Tony Anderson and his wife own lots 2, 3 and 4, block 1, White City addition; William L. Humphries owns lots 5 and 6, block 1, White City addition; Robert F. Wallace and his wife own lot 10 and part of lot 9, block 1, White City addition; Carl D. Smith owns a parcel of land, approximately 50 feet by 100 feet, described by metes and bounds and (apparently) a part of Plunkett's subdivision of Forrest Park; Bert E. Hubbard owns the east 90 feet of block 5 in the subdivision last mentioned above. The above named persons are the appellees and the affected property owners.

It is not disputed: that for many years (dating prior to 1935) there has been a public highway running by the above described properties along the present location of Highway No. 10; that the right-of-way was 40 feet wide; that the road was graveled or paved to a width of approximately 18 feet; that appellant for many years has graded the shoulders on both sides of the gravel or pavement to the extent of approximately five feet; and, that all the appellees acquired their property several years ago, but no one of them acquired his property prior to 1935. It is likewise undisputed that the 1935 court order purported to condemn a strip of land ten feet wide along each side of the original right-of-way.

*The Issues.* It is undisputed that the 1935 court order was not published. A thorough search of the county records fails to reveal any claims that might have arisen under the order were ever presented or paid. Essentially it is the contention of appellant that the 1935 order was a lawful order of condemnation of the extra ten feet of land on each side of the old right-of-way and that the work it did in improving the road and grading the shoulders constituted notice to appellees, and that all claims are barred because they were not filed within one year after such notice. It is also contended by appellant that the burden was on appellees to show they did not have notice of the 1935 condemnation order, and that they failed to meet that burden.

We are unable to agree with appellant in either of the above contentions. The first contention was resolved against appellant in the case of *Arkansas State Highway Commission* v. *G. A. Dobbs, et al,* 232 Ark. 541, 340 S. W. 2d 283, and, therefore, need not be discussed at length. In the cited case the condemning order (unpublished) was made in 1929 and the Highway Commission undertook to widen the existing street in 1959. There, since 1933 the Highway Department had improved and surfaced the street but had done nothing to indicate it was claiming control over any of claimants' property. We held there that such acts were not sufficient to constitute

an entry on the part of the Highway Department and did not constitute notice to the land owners. On rehearing we, after careful consideration, again affirmed our original holding. We think the facts in the *Dobbs* case are so similar to the facts in this case as to call for an affirmance of the trial court. We do not understand appellant to contend there is any material difference between the factual situations in the two cases except in two respects, noted hereafter.

*One.* Appellant points out that in the *Dobbs* case the road ran through an incorporated town while here the affected property lies outside the corporate limits of the City of Little Rock. We cannot see, and it is not pointed out, how this difference is material as bearing on what constitutes reasonable notice. Certainly the *Dobbs* opinion was not based on that theory. Moreover,. the property affected here is located in platted additions that show lots, blocks and streets.

*Two.* Appellant relies on the testimony of a Mr. Efird to show he had notice of an actual taking of his land by appellant. Efird, of course, is not a party to this suit and we are unable to understand how any notice to him in 1935 or later can be construed as notice to appellees in the absence of proof to that effect. We find no such proof in the record.

*Burden of Proof.* We do not agree with appellant, that under the facts in this case, the burden was on appellees to prove they had no notice of the 1935 order or no notice later of an entry on or taking of their property. Article 2, Section 22 of our Constitution forbids appellant from taking appellees' land "without just compensation therefor". In *Ark. State Highway Commission* v. *Cook,* 233 Ark. 534, 345 S. W. 2d 632, this Court, in discussing the condemnation of property by a county court order, said: "Notice is essential, however, for the landowner is entitled to a hearing upon the issue of compensation." The corollary of what we have just said is that the Highway Commission cannot take appel-

lees' property without first giving them notice so they can have their day in court on the issue of compensation. If appellant prevails in this case it will amount to taking appellees' property without compensation. So, for appellant to prevail, it must show appellees had notice of taking. Therefore we are driven to the conclusion that the burden is on appellant to show proper notice was given, and not on appellees to show notice was not given.

Appellant says that all the points decided by the trial court adversely to it in this matter were decided clearly and concisely by this Court in the *Cook* case, *supra,* copying about two pages from the middle portion of the opinion. The pertinent question there presented was whether Mrs. Cook had sufficient notice of the full extent of the taking by the Highway Department. The essence of the opinion insofar as it deals with the question here involved is set forth in a paragraph following the portion copied in appellant's brief. It reads:

"Here it is shown by undisputed proof that the department actually entered the appellee's land in 1940 and built a road. To put the matter beyond any possibility of doubt it also appears by the appellee's own admission that she filed a claim for crop damage. Thus she had actual notice of the proceeding in the county court and is as fully bound by the order as if she had been served with a summons or had entered her appearance. Her right to compensation was lost by her failure to file a claim within the one year allowed by the statute."

It cannot be contended that any such notice, or notice of such import, was given to appellees in this case.

The decree of the trial court is accordingly affirmed.

Affirmed.

BOHLINGER, J., not participating.