ARK. STATE HIGHWAY COMM. *v.* COOK.

5-2912

365 S. W. 2d 463

Opinion delivered March 11, 1963.

[Rehearing denied April 1, 1963.]

*Dowel Anders* and *H. Clay Robinson,* for appellant.

*T. E. Webber* and *John O. Moore,* for appellee.

ED. F. McFADDIN, Associate Justice. The primary question in this case is the width of the right of way of Highway No. 71 through Arabella Heights Addition to Texarkana in Miller County. The appellant contends that the right of way is 100 feet wide, and the appellees claim that the right of way is only 80 feet wide. The Trial Court agreed with the appellees, and the Highway Commission brings this appeal on that issue. Also, there is a second issue which relates to the refusal of the Chancery Court to reopen the case for further testimony.

I. *The Width Of The Right of Way.* In 1925 there was filed the original plat of Arabella Heights, which showed a 60-foot right of way for the Lynn Ferry Road running diagonally through the addition. On November 25, 1927, the County Court of Miller County, on petition of the State Highway Commission, made an order[1] for changes in Highway No. 71; and, according to that order, a right of way 100 feet wide was designated for the highway through Arabella Heights; and the change in location placed the new highway approximately two blocks south and west of the old Lynn Ferry road. In 1929 there was filed a revised plat of Arabella Heights Addition; and this 1929 plat showed the highway right of way as taking a course and direction practically, if not identically, the same as the 1927 County Court order; but the 1929 plat showed the *highway right of way to be only 80 feet wide instead of 100 feet wide,* as in the County Court order.

It is this difference of 20 feet (being 10 feet on each side of the present highway) that is the subject of this litigation. Various persons purchased property and con-

---

[1] This order was under § 76-917 Ark. Stats. In addition to the cases hereinafter cited, the following are some that also concern rights of the landowners under this section: *Sloan* v. *Lawrence Co.,* 134 Ark. 121, 203 S. W. 260; *Greene Co.* v. *Hayden,* 175 Ark. 1067, 1 S. W. 2d 803; and *Miller Co.* v. *Beasley,* 203 Ark. 370, 156 S. W. 2d 791.

structed buildings on the faith of the 1929 plat, some of the buildings even being on the 10-foot strip in question on each side of the highway. It is definitely shown that in all of the time from 1929 to 1962 the State Highway Commission has made no use of any part of the presently claimed 10-foot strip on each side of the 80-foot right of way shown on the 1929 revised plat.

In 1962 the Highway Commission undertook to take possession of the additional 10-foot strip on each side of the 80-foot right of way, claiming that the 1927 County Court order made the right of way 100 feet and that the landowners were bound by that court order. Thereupon, the appellee Cook, as owner of property which included the 10-foot strip, filed this suit to enjoin the Highway Commission from entering on the 10-foot strip. Other landowners similarly situated intervened and made common cause with appellee Cook, and all of these land-owners are appellees herein. The Highway Commission, in addition to claiming the full 100-foot right of way under the 1927 County Court order, also asked for a declaratory judgment to the effect that the right of way was in fact 100 feet, as fixed by the County Court order.

With the issues thus joined, the burden was on the Highway Commission to show notice to the landowners of the making of the 1927 order by the County Court;[2] and the Highway Commission proceeded with its case. There was no evidence that any landowner in Arabella Heights had ever filed any claim for compensation under the 1927 order;[3] so, to show notice to the landowners of the 1927 order, the Highway Commission undertook to establish that there was an *actual entry* on the lands under the County Court order which was dated November 25, 1927. A witness called by the Highway Commission was Mr. M. A. Lynn, an assistant resident engineer of the Highway Department. He testified that he was working for the Highway Department when Highway No. 71 was constructed, and that the work started on Highway

---

[2] This is in keeping with our holding in *Arkansas Highway Comm.* v. *Anderson,* _____ Ark. _____, 354 S. W. 2d 554.

[3] So the case of *Arkansas Highway Comm.* v. *Cook,* 233 Ark. 534, 345 S. W. 2d 632, has no factual application to the case at bar.

No. 71 in Arabella Heights either in the later part of 1926 or the early part of 1927. Mr. Lynn testified that the route was surveyed and laid out in 1925 or early 1926, and that the construction in Arabella Heights "where somebody could go out and see they were building a road" was in late 1926 or early 1927.

After the witness Lynn had testified, the appellees insisted, and the Court found, that the Highway No. 71 was constructed *before* the County Court order of November 25, 1927, and therefore the County Court order was no notice to the landowners since the highway had already been constructed when the order was made. The appellees made applicable to the situation here such cases as *Arkansas State Highway Comm.* v. *Dobbs,* 232 Ark. 541, 340 S. W. 2d 283; and *Arkansas State Highway Comm.* v. *Anderson,* 234 Ark. 774, 354 S. W. 2d 554. In the case of *Arkansas Highway Commission* v. *Dobbs,* we had before us a situation in which a highway was already in existence when a County Court order was placed of record showing an enlarged right of way; property owners received no notice of said order by summons or by entry on the alleged widened portion; and this Court held that the County Court order was, in itself, no notice to the abutting landowners, citing and relying on *Bollinger* v. *Highway Comm.,* 229 Ark. 53, 315 S. W. 2d 889; and *Highway Comm.* v. *Holden,* 217 Ark. 466, 321 S. W. 2d 113.

In the latter case of *Highway Comm.* v. *Anderson,* we followed the same rule as in *Highway Comm.* v. *Dobbs,* and differentiated the case from that of *Highway Comm.* v. *Cook,* 233 Ark. 534, 345 S. W. 2d 632, where there had been payment of claims under the County Court order and such payments did, of course, constitute notice.

Thus, on the evidence offered, the Chancery Court held that the Highway Commission had failed to sustain its position: it had failed to show that there was ever any entry under the 1927 County Court order and had also failed to show any other notice to the landowners of the 1927 County Court order. The decree of the Chancery

Court was in favor of the landowners;[4] and we find no error in that decree.

II. *Refusal To Reopen The Case.* We are thus brought to the second issue in the case in which the appellant complains of the refusal of the Chancery Court to reopen the case for further and contradictory evidence. The case was tried in the Chancery Court on April 26, 1962; and at the conclusion of the hearing on that date the Court announced its decision, as heretofore stated. On May 2, 1962, the Highway Commission filed a motion asking that the Chancery Court reopen the case so that the Highway Commission might present other evidence as to when Highway No. 71 was actually constructed through Arabella Heights. Mr. Lynn, the witness offered by the Highway Commission in the original hearing, desired to state that he had made a mistake in his testimony, and that the highway through Arabella Heights was not actually constructed until after the County Court order. The effect of such change of testimony would have been material. It really amounted to a recantation by the witness Lynn of his former testimony. The Highway Commission offered to support Mr. Lynn's recantation by copies of letters and other matters in the files of the Highway Commission. The Chancery Court conducted a hearing on the motion of the Highway Commission to reopen the case; and on May 15, 1962, refused to allow the case to be reopened.

To discuss the various problems relating to surprise, diligence and recantation, would serve no useful purpose. After carefully examining the record, we have concluded that the Trial Court did not abuse its discretion in refusing to allow the case to be reopened; and so we affirm the action of the Chancery Court in that matter.

Finding no error, both the decree and the order of the Chancery Court are in all things affirmed.

[4] The Highway Commission had asked for a declaratory judgment. The decree recited that the Commission "may post proper security with the Clerk of this Court in this cause for the just compensation of the plaintiffs and interveners for the proposed taking of their property aforesaid, . . . and upon the due posting of such security the defendant Commission may show the same to this Court and apply for a supersedeas of the injunction . . ." The Highway Commission did post the bond and did apply for and receive a supersedeas.