Ark. State Highway Comm. *v.* Dean.

5-2963                                                      367 S. W. 2d 107

Opinion delivered April 22, 1963.

[Rehearing denied May 20, 1963.]

*Dowell Anders* and *H. Clay Robinson,* for appellant.

*David O. Partain,* for appellee.

Jim Johnson, Associate Justice. This appeal involves the question of whether a land owner received notice of condemnation of part of his land for highway purposes by the County Court and was thus afforded an opportunity to seek just compensation.

In 1927 the Crawford County Court entered an order condemning a right of way for U. S. Highway No. 71 from Fine Springs south to Alma. The order condemns a right of way 35 feet wide to the right or west side of the centerline of an existing county road. In 1932 appellees R. P. Dean and wife purchased two acres of land on the west side of Highway 71, one acre from J. A. Bradley and one acre from S. M. Denniston. The county records reflect payment of compensation to Bradley, but no record of payment to Denniston for the property condemned. This action involves the land purchased from Denniston.

In 1961 the Highway Commission began reconstruction of Highway 71 and in so doing entered upon the entire 35 feet of right of way west of the centerline. In 1962 appellees filed an action for an injunction against Standard Industries, Inc., the contractor doing the reconstruction, seeking to enjoin them from trespassing on appellees' land. Appellant, the Arkansas State Highway Commission, as the real party defendant, was permitted to intervene in the action. At trial the parties entered into the following stipulation:

(1)  that a valid order of the Crawford County Court of August 10, 1927, condemns the original right of way for U. S. Highway 71 and that this order condemns a right of way of 35 feet to the right (west) of the centerline between Stations 180 and 185 which is across the property deeded to appellees by Bradley and Denniston;

(2)  that the county record books reflect that Bradley was paid just compensation for condemnation of his property under the 1927 condemnation order;

(3)  that although the county records show payment to a number of people pursuant to the court order, there is no record of payment to Denniston;

(4) that the question presented to the court by the stipulation was whether notice of the condemnation of 35 feet of right of way west of the centerline of U. S. Highway 71, by means of the order of the Crawford County Court dated August 10, 1927, was ever given to the owner of the land so condemned so that he was afforded an opportunity to seek just compensation for the property from the county court;

(5) that a portion of the area lying between the centerline of U. S. Highway 71 and a line 35 feet from the centerline has been used and maintained as a highway since 1927, so that even if the Court finds that the owner of the land never received notice of the taking, yet the plaintiffs (appellees) will not be entitled to an injunction to keep the Highway Commission from entering upon the whole 35 foot area; and if the court holds against the Highway Commission on the question of notice, then it will make a factual determination of the area actually used and maintained for U. S. Highway 71;

(6) that if the court holds against the Highway Commission the landowner will be permitted to seek his just compensation from the Crawford County Court for the taking of the property in question and the Highway Commission will be required to put up an open-end indemnity bond guaranteeing payment of just compensation to the plaintiffs in case the Crawford County Court is financially unable to pay the claim of the plaintiffs.

In its opinion, the trial court set out the stipulation in full, discussed the testimony of appellant's two witnesses and exhibits, as well as appellee's testimony, and found that the area lying between the centerline of Highway 71 and a line 17 feet west of the centerline had been condemned, but that the property lying west of that had not been condemned and is the property of appellees; the court then stated that appellees would be permanently enjoined from interfering with the construction work and that they would be permitted to seek their just compensation from the county court for the taking of the property lying between 17 and 35 feet west of the centerline of Highway 71, across the acre purchased from Denniston,

and then required the Highway Commission to file a bond guaranteeing payment of just compensation to appellees in case the county court is financially unable to pay appellees' claim. The decree was entered September 11, 1962, from which the Highway Commission has appealed.

For reversal appellant contends that the period of limitation of one year contained in the County Court Condemnation Act [Ark. Stats. § 76-917] bars any claim for just compensation for the property disputed between the parties.

The question here presented is whether such notice of the county court order of 1927 was ever given to the owner of the land condemned as would afford the owner an opportunity to seek just compensation for his property within the one-year statutory limitation.

Where, as here, there was no payment of compensation for the taking of land and no publication of notice proved, the burden is on appellant to prove that the landowner had actual notice of the taking of his land. *Arkansas State Highway Commission* v. *Anderson,* 234 Ark. 774, 354 S. W. 2d 554.

Appellant attempted to prove notice by testimony on ditching and fencing, that is that the Highway Department cut ditches 29 to 35 feet from the centerline in 1932 and had all fences moved back to 35 feet from the centerline, which were such acts of sovereignty by the Highway Department as to put the land owner on notice. Appellant's witness, a draftsman for the Highway Department, testified that examination of old records of the Highway Department showed that the contractor was reimbursed for moving fence, but admitted that it was not possible to tell from the old records exactly what stations were involved in moving the fence; that the records simply made reference to so many rods of fence and did not indicate where they were. Appellant's other witness, a highway engineer, testified that it was customary in 1927 to cut ditches 29 to 35 feet from the centerline, but was unable to testify about the ditch on the property here involved. On the other hand, appellee testified that some

of the Bradley acre had been fenced, but that there was no fence on the Denniston acre when he purchased and moved onto that unimproved property. He further testified that there was a ditch 7 or 8 feet from the edge of the slab which he filled in in 1932. (The slab extended west 9 feet from the centerline.) To bolster appellees' contention that no entry was made beyond 17 feet west of the centerline until the present widening of Highway 71 was commenced, he offered the description of the property deeded him which runs, "West 17 feet to a point on the north line of said forty acre tract, which point is 8 feet west of the west side of the concrete slab of Highway No. 71."

There was some evidence taken from appellant's exhibits which indicated the straightening of a slight curve or jog in the existing county road over which Highway 71 was constructed along the front of appellees' property; even so, taking the evidence as a whole, we cannot say that the Chancellor's finding that appellant failed to meet the burden of proof was against the preponderance of the evidence.

This court has consistently held that an action of the State Highway Department in improving and paving an existing road is insufficient to put adjoining property owners on notice that additional lands were being taken so as to set in motion the one year statute of limitations for the filing of claims for the taking of lands under a county court condemnation order. *Bollinger* v. *Arkansas State Highway Comm.*, 229 Ark. 53, 315 S. W. 2d 889; *Arkansas State Highway Comm.* v. *Dobbs*, 232 Ark. 541, 340 S. W. 2d 283; *Arkansas State Highway Comm.* v. *Anderson, supra.* In the absence of such notice, the decree is affirmed.

McFADDIN, J., concurs; SMITH and ROBINSON, JJ., dissent.

SAM ROBINSON, Associate Justice (dissenting). Denniston did not attempt to make a conveyance of any portion of the property embraced within the right of way of Highway 71. After setting out the description in the deed

of the land conveyed, there is this provision: "Except from this conveyance that part of the property taken by the right of way Highway No. 71, United States Highway No. 71."

Appellee Dean has never owned any part of the property in the right of way of Highway 71 and in these circumstances I cannot see how he is entitled to be paid for something that he does not own and has never owned.

In addition to what has been said, I think the evidence is overwhelming to the effect that Denniston, Dean's predecessor in title, had notice of the taking of the small strip of his land for highway purposes.

On August 10, 1927, the Crawford County Court made an order condemning for the construction of Highway 71, a right of way extending 35 feet on the west side of the centerline of an existing road from Fine Springs, South to Alma, Arkansas. At that time Denniston owned one acre of unimproved land adjacent to the road and the new right of way would take about 18 feet off the east side of the Denniston acre.

The condemnation was made by the County Court and the statutes allow the owner 12 months in which to make a claim for compensation. The order of condemnation and the taking of the property is sufficient notice to the owner even though he may have received no other notice. The twelve month period in which he can make his claim begins to run from the time of the taking. *Sloan v. Lawrence County*, 134 Ark. 121, 203 S. W. 260, *Arkansas State Highway Commission* v. *Dobbs*, 232 Ark. 541, 340 S. W. 2d 283.

Only a few months after the order for the taking in 1927 a new road was built. The evidence is convincing that the right of way across the Denniston acre was taken at that time. Some of the plans and specifications for the road built in 1927 were introduced in evidence. These plans show clearly that there was a fence across the front of the Denniston property. The plans call for moving it back a distance of 5 feet, which would make it 35 feet from the centerline of the highway. The records of the

Highway Department introduced in evidence, show a contract was made for moving the fence, and payment was made for moving it. The plans and specifications call for the cutting of a ditch at a distance of from 29 to 35 feet from the centerline of the highway, which would place it on property involved in this litigation. Dean has filled in the ditch across the acre involved since he purchased it, but claims that it was only about 17 feet from the centerline. The ditches on property both to the North and South of the acre involved were from 29 to 35 feet West of the centerline. The road built in 1927 was a Federal Aid Project, and according to government requirements the ditches had to be from 29 to 35 feet from the centerline. There is no reason why any exceptions would be made to the Denniston acre, because it was unimproved at the time.

All the circumstances indicate that Denniston was fully aware that the right of way was being extended to a distance of 35 feet from the centerline. In my opinion, there is no substantial evidence to the contrary.

For the reasons set out herein, I respectfully dissent.

ED. F. McFADDIN, Associate Justice (concurring). I concur in the affirmance of this decree. It is my understanding of the evidence in this case that there was a preexisting highway in front of the Denniston property before the 1927 County Court order; and the said 1927 Court order was to widen the already existing right-of-way by taking an additional strip from the landowners. I do not find any definite evidence to show that there was ever any entry by the Highway authorities on the additional strip so taken. In this situation I think the case at bar is ruled by such cases as *State Highway Comm.* v. *Holden,* 217 Ark. 466, 231 S. W. 2d 113; and *Ark. State Highway Comm.* v. *Cook,* 236 Ark. 251, 365 S. W. 2d 463 (Opinion March 11, 1963).