Ark. State Highway Comm. *v.* Montgomery.

5-3171                                              376 S. W. 2d 662

Opinion delivered March 23, 1964.

*Dowell Anders, H. Clay Robinson,* for appellant.

*Terral, Rawlings & Matthews* and *John I. Purtle,* for appellee.

Jim Johnston, Associate Justice. This suit involves the ownership of a 5½ foot strip of land across two lots along Highway 10 in Little Rock. During 1961 appellant Arkansas State Highway Commission reconstructed Highway 10, including the part of Highway 10 that is adjacent to the property of appellees, O. T. and Maudie Montgomery. On January 3, 1963, appellees filed suit in Pulaski Chancery Court against appellant, alleging that appellant claimed a sixty foot right of way adjacent to their property, but in fact had only a forty foot right of way, that appellees had never been compensated for the portion of their property claimed by appellant and sought to enjoin appellant from taking their property until condemnation proceedings were commenced.

Appellant answered denying that appellees had any right or title to any of the sixty foot highway right of way established by Pulaski County Court order of October 24, 1935, contending, *inter alia,* that title to the land here in question had passed by reason of such order. At trial before the Chancellor on April 22, 1963, the parties stipulated that the area in dispute is a strip 5½ feet wide immediately south of the curb, along the front of appellees' property. It is undisputed that the County Court records show that in 1935 the Pulaski County Court entered an order condemning a right of way sixty feet wide for Highway 10, to be constructed over an existing gravel road commonly called Little Rock West, and that in 1935 or 1936, the Highway Commission constructed a highway consisting of approximately eighteen feet of pavement with about five feet of shoulder and five feet of ditch on each side for a total use of right of way of approximately forty feet. Appellant conceded that it could not find evidence of direct notice to appellees or their predecessors in title of the County Court proceedings or that any compensation was paid to appellees or their predecessors in title. In addition a detailed exhibit was introduced by stipulation showing the location and exact measurements of appellees' property, the location of the business thereon and the location of the strip of land here in dispute. After trial the chancellor found that appellant "should be restrained and enjoined from claiming, taking or using in any way any portion of plaintiffs [appellees'] land which lies immediately south of and adjoining the present curb and pavement of Highway 10." From the decree, appellant has prosecuted this appeal, urging as its major point that the chancellor erred in not finding that the Highway Commission had title to the disputed area of land through the county court condemnation order.

The question involved in this point is notice. In *Arkansas State Highway Commission* v. *Dobbs,* 232 Ark. 541, 340 S. W. 2d 283, we said that, "It is axiomatic that insufficient notice is no notice at all" and went on to say:

"In *State Highway Commission* v. *Holden,* 217 Ark. 466, 321 S. W. 2d 113, where there was a County Court Order without notice to the landowners the court approved this language:

" 'It is our view that the act of taking is not complete *when the judgment of condemnation* is rendered. Since such judgment may be without notice, the lawmaking body must have had in mind an order of condemnation followed by entry upon the land. *Such entry, being physical and visible, affords the proprietor an opportunity to exact payment or to require a guaranteeing deposit.'* (Emphasis supplied.)

"In that case the Court said '... that the landowner is entitled to damages as of the date when the act of taking is *complete*—that is, when his lands are actually entered and taken under the order.' "

The issue here, then, is whether there was such notice of the county court order when Highway 10 was constructed in 1935 or 1936 as would afford the landowner an opportunity to seek just compensation for his property from the county court within the one-year statutory limitation. That burden of proof is on appellant. We stated in *Arkansas State Highway Commission* v. *Dean,* 236 Ark. 484, 367 S. W. 2d 107, that:

"Where, as here, there was no payment of compensation for the taking of land and no publication of notice proved, the burden is on appellant to prove that the land owner had actual notice of the taking of his land. *Arkansas State Highway Commission* v. *Anderson,* 234 Ark. 774, 354, S. W. 2d 554."

Appellant in the instant case was unable to prove payment of compensation or publication of notice, and failed to show that construction of Highway 10 in 1935 or 1936 was anything more than the paving of an existing road. This being true, we have held this situation to be insufficient to put adjoining property owners on notice that additional lands were being taken. See *Arkansas State Highway Commission* v. *Dobbs, supra,* and *Arkansas State Highway Commission* v. *Dean, supra.*

Appellant next urges that the deed to appellees, as well as prior deeds in the chain of title, except from the conveyance "that part in the present right of way of Highway 10" and are therefore clear proof of notice of the taking of the property. There is, however, nothing within these instruments to indicate whether the grantors considered the "present" right of way to be a forty-foot or a sixty-foot right of way. It is undisputed, however, that no more than forty feet was used for highway purposes prior to 1961 and that appellees' deed, which was introduced into evidence, under which they claim ownership was executed in June 1959. It is our view that the word "present" undoubtedly indicates the right of way to be the forty feet that was in use at the time of the conveyance. Appellees also testified as to actual use and occupancy of the property here in dispute. The detailed exhibit introduced by stipulation of the parties showing appellees' property and its location on Highway 10 along with the graphic depiction of the land here in dispute clearly refutes appellant's contention that the case at bar falls within the rule of *Arkansas State Highway Commission* v. *James,* 236 Ark. 556, 367 S. W. 2d 236. We find no merit in appellant's insistence that appellees failed to prove their ownership of the property in dispute.

When Highway 10 was reconstructed in 1961, appellant ditched beside the highway within the disputed 5½ foot strip and put down drain tile (culverts) as appellees had done in 1959. Appellant argues persuasively that this ditching and laying tile was such an entry as would constitute notice to appellees, and that since this action was filed more than a year after the ditching, appellees' action, which should have been a claim for compensation in the county court, was barred by the one-year period of limitation for filing such claims. Appellees contend on the other hand that the one-year statutory limitation is not applicable to them because appellant has not taken the property; that at the most there was a temporary interruption of their proprietary use which did not amount to a taking; that

since 1959 appellees have used the 5½ foot strip as part of the driveway and parking area of their cafeteria, and still do so. Appellees urge that appellant's entry on their land was a temporary, occasional or incidental injury such as is discussed by the Federal District Court in *Sponenbarger* v. *United States*, 21 F. Supp. 28, *rev'd* 101 F. 2d 506, *rev'd* 308 U. S. 256. Review of the record reveals, first, that one of the appellees testified that appellant removed the drain tile appellees had installed in 1959. On questioning by the court, the witness testified that the location of their culvert was "two feet under the pavement." "In other words, the tile you had placed there, if it had been left there, it would have been paved over today." Second, in addition to paving over the area where appellees had placed their tile, appellant ditched the disputed strip, placed 18-inch tile all the way across and moved a utility pole onto the strip. Third, while the highway prior to the 1961 reconstruction was forty feet wide including paving, shoulders and ditches as stipulated by the parties, it is undisputed that after reconstruction the paved portion alone of Highway 10 is forty-nine feet wide. Finally, in appellees' complaint appellees allege that "certain parts of plaintiffs [appellees'] property has been taken and a paved highway constructed thereon without compensation to plaintiffs." On trial de novo on the record before us, we deem these itemized facts to be more than sufficient to demonstrate an actual taking that would put appellee-landowners on notice that their land was being taken or had been taken, and thus start the running of the one-year limitation for claims provided for by Ark. Stat. Ann. § 76-917 (Repl. 1957). This notice afforded appellees an opportunity to seek just compensation from the county court within one year after their actual notice of the taking. Appellees failed to present their claim for damages within the statutory period and are foreclosed from so doing now. *Greene County* v. *Hayden*, 175 Ark. 1067, 1 S. W. 2d 803.

Reversed and dismissed.