ARK. STATE HIGHWAY COMM. *v.* SCOTT

5-3401                                                     385 S. W. 2d 636

Opinion delivered January 11, 1965

*Mark E. Woolsey and Don Langston,* for appellant.

*James L. Langston, Hardin, Barton, Hardin & Jesson,* for appellee.

Ed. F. McFaddin, Associate Justice. The appellant, Arkansas State Highway Commission (hereinafter sometimes called "Commission"), filed this suit in the Sebastian Chancery Court, Fort Smith District, seeking a declaratory judgment as to the width of the highways (U. S. Highway No. 71 and U. S. Highway No. 271) adjacent to the property of the appellee, Thomas Nelson Scott.[1] At the close of the plaintiff's (appellant's) case the Trial Court sustained the defendant's (appellee's) written demurrer to the evidence (Ark. Stat. Ann. § 27-1729 [Repl. 1962]), dismissed the complaint, and confirmed the title of the appellee. From such decree there is this appeal, in which appellant lists two points:

"I. The Chancellor erred in finding that the Arkansas State Highway Commission did not have title to the lands in dispute.

"II. The Chancellor erred in finding that Appellees had title to 23 feet of the right-of-way of U. S. Highway 71 and 19 feet of the right-of-way of U. S. Highway 271."

We find it unnecessary to discuss the appellant's points because of the view we take of the case. Before detailing any of the evidence we call attention to our holding in *Werbe* v. *Holt,* 217 Ark. 198, 229 S. W. 2d 225, which holding has been followed and cited in a score of cases, some of which are: *Weaver* v. *Weaver,* 231 Ark. 341, 329 S. W. 2d 422; *Neely* v. *Jones,* 232 Ark. 411, 337 S. W. 2d 872; and *Jones* v. *Brooks,* 233 Ark. 148, 343 S. W. 2d 99. The rule of *Werbe* v. *Holt* is that in passing on the defendant's demurrer to the evidence it is the duty of the Trial Court to give the evidence for the plaintiff its strongest probative force, and the demurrer to the evidence should be sustained only when the plaintiff's evidence, as so considered, fails to make a prima facie case. Because of such rule we must reverse and remand the decree here challenged; and one reason therefor now is given.

---

[1] Mrs. Scott, wife of Thomas Nelson Scott, was joined as a defendant, but for clarity we refer to Mr. Scott as defendant and appellee.

In going south from Fort Smith a traveler would go over both of the two highways, U. S. No. 71 and U. S. No. 271, until reaching a point immediately north of the property of appellee Scott. At that point U. S. Highway 271 continues[2] due south along the west side of the Scott property; and.U. S. Highway No. 71 makes a long sweeping curve to the left and goes along the northeast side of the Scott property. Mr. Scott has a store and gasoline pumps on his property abutting on both highways; and it was and is the claim of the appellant that Mr. Scott is encroaching on the right of way of each highway. This suit was filed to have that issue determined. We bypass any consideration of U. S. Highway 271 and confine our opinion to the testimony as regards U. S. Highway No. 71.

As regards U. S. Highway No. 71, the Commission claims a right of way 70 feet wide along the Scott property and claims that Scott is encroaching on the right of way a considerable distance both by his building and by the approaches·to his gasoline pumps. To make its case for a 70 foot right of way for U. S. Highway 71, the Commission introduced an order of the Sebastian County Court, Fort Smith District, dated September 3, 1927, laying out and condemning a right of way 70 feet wide. This was an order made under Act No. 611 of 1923, as now found in Ark. Stat. Ann. § 76-917 (Repl. 1957), which statute has been many times before this Court. Some of the cases are: *Miller County* v. *Beasley,* 203 Ark. 370, 156 S. W. 2d 791; *Ark. Highway Comm.* v. *Holden,* 217 Ark. 466, 231 S. W. 2d 113; *Ark. Highway Comm.* v. *Dobbs,* 232 Ark. 541, 340 S. W. 2d 283; *Ark. Highway Comm.* v. *Cook,* 233 Ark. 534, 345 S. W. 2d 632; *Ark. Highway Comm.* v. *Anderson,* 234 Ark. 774, 354 S. W. 2d 554; *Ark. Highway Comm.* v. *Dean,* 236 Ark. 484, 367 S. W. 2d 107.

The County Court order of September 3, 1927 was made without notice to the landowner,[3] but gave him one

---

[2] U. S. Highway No. 271 was formerly known as Arkansas State Highway No. 45.

[3] In 1927 the landowner appears to be Mr. Goodwin. He conveyed to Mr. Bumpers in 1930, who conveyed to T. C. Scott and wife in 1933; and they conveyed to appellee, Thomas Nelson Scott in 1941.

year in which to file his claim for the taking. Our cases, as above listed, hold that the said year begins to run from actual entry on the land made under the said order.[4] To show notice to the 1927 landowner in the case at bar, the Commission offered considerable evidence. For example, the witness, Roy Williamson, testified that he worked for the Highway Commission from 1929 to 1932; that he was familiar with the route and location of U. S. Highway No. 71 in 1927; that a new location was made under the court order here involved; and that the road now going by the Scott property was an entirely new location made under the 1927 order. Here are excerpts from his testimony:

"Q. Was this a new location through this property where Mr. Scott's store is located?

"A. Yes, sir, that is right.

"Q. In 1927 when that highway was located through that property, is that correct?

"A. Yes.

"Q. If I understand your testimony, U. S. Highway 71 before 1927 went, turned off where at, where Phoenix Village is now, is that correct?

"A. That is right.

"Q. And now after 1927 it goes by Nelson Scott's store?

"A. Right. As well as I remember, that was just a pasture, grazing land, farm land.

"Q. Did they have to go in and clear it, grub that place

"A. I couldn't say whether there was any timber in there or not.

"Q. There was no road, is that correct?

"A. No road."

---

[4] As to what other ways there may be to start the year for filing claims, we need not now consider. We, therefore, bypass such matters as service of notice or some form of estoppel.

Thus there was evidence that under the said 1927 order the Highway Commission made an original entry on the present Scott property and constructed the present U. S. Highway No. 71 at a place where there had previously been only a pasture. The burden was on the Highway Commission to show that the landowner had actual notice of the taking of his land (*Ark. Highway Comm* v. *Anderson,* 234 Ark. 774, 354 S. W. 2d 554), but actual entry on the land at a place where there had previously been no highway, has always been held to be such actual notice. (*Ark. Highway Comm.* v. *Holden,* 217 Ark. 466, 231 S. W. 2d 113; *Ark. Highway Comm.* v. *Cook,* 233 Ark. 534, 345 S. W. 2d 632.)

There is no occasion for us to detail the other evidence in the case because what we have already mentioned made a prima facie case as regards notice of the location and width of the right of way of U. S. Highway No. 71. The defendant's demurrer to the evidence should have been overruled because, as regards U. S. Highway 71, the plaintiff made a prima facie case. Since the plaintiff made a case for the fact finder on one angle of the situation, the entire demurrer should have been overruled. We therefore find it unnecessary to discuss the evidence as to U. S. Highway 271, since we reverse and remand the entire case for further proceedings not inconsistent with this Opinion.

One other point should be mentioned. The appellee says:

"The county court orders relied upon by the appellant are void and unconstitutional under both the United States Constitution, Amendment XIV, and the Arkansas State Constitution, in that no provision for notice is made and no proper notice of the taking was given and are therefore unconstitutional in their application."

To support his position, as above quoted, the appellee relies strongly on two decisions of the Supreme Court of the United States, being *Walker* v. *Hutchinson,* 352 U. S. 112, 1 L. Ed. 2d 178, 77 S. Ct. 200; and

*Schroeder* v. *City of N. Y.,* 371 U. S. 208, 9 L. Ed. 2d 255, 83 S. Ct. 279, 89 A. L. R. 2d 1398. Also, the appellee cites us to an annotation in 89 A. L. R. 2d 1404 entitled, "Eminent Domain: permissible modes of service of notice of proceedings." In effect, the appellee wants us to overrule *Sloan* v. *Lawrence County,* 134 Ark. 121, 203 S. W. 260, and our other cases which have upheld the validity of the statute that is now Ark. Stat. Ann. § 76-917 (Repl. 1957).

We find no merit in appellee's contention. He has confused "notice of the proceedings" with "reasonable opportunity to seek compensation." The annotation in 89 A. L. R. 2d 1404 relied on by the appellee recognizes this distinction[5] in these words:

"Where the taking of property is for a public use, the due process clause of the Fourteenth Amendment does not require that the necessity and expediency of the taking be determined upon notice and hearing. However, with respect to the compensation for the taking, due process requires that the owner be given reasonable notice of, and an opportunity to be heard in, the pending proceedings."

We adhere to our holding in *Sloan* v. *Lawrence County, supra,* wherein we quoted with approval the following:

"The State needs the property and takes it, and while the citizen can not resist, he has the right to insist upon just compensation to be ascertained by an impartial tribunal. It is a compulsory purchase by public authority, and the individual receives money in the place of the property taken. He has a right to his day in court on the question of compensation, but he has no right to a day in court on the question of appropriation by the State unless some statute requires it."

For the error in sustaining the demurrer to the evidence the decree is reversed and the cause remanded.

[5] Neither side has mentioned Act No. 185 of 1963. We list it only for information, but without comment.