ARKANSAS STATE HIGHWAY COMM'N *v.*
Steve MARLAR et ux

5-5061                                          447 S. W. 2d 329

Opinion delivered December 1, 1969

*Thomas B. Keys* and *Virginia Tackett,* for appellant.

*Graves & Graves,* for appellees.

GEORGE ROSE SMITH, Justice. In 1962 the highway department set about widening and paving a dirt road that passed in front of the appellees' home in Nevada county. The landowners resisted the entry upon their property. To meet that obstacle the highway department filed this suit to enjoin the Marlars from obstructing the work. The chancellor granted the injunction but required the department to file a $10,000 bond to protect the landowners' claim.

The case was not tried until December, 1968. The court found that the public easement was not as wide as the department asserted it to be. The landowners were awarded $5,500 as compensation for the additional right of way that was taken. This appeal is from that award.

The department relies upon two instruments to support its contention that it acquired an 80-foot easement in 1958, but its proof falls short of showing that either instrument was binding upon the landowners. Marlar

joined a number of other landowners in conveying an easement to the highway department in 1958, but his wife's failure to join in a conveyance affecting the homestead rendered the instrument void. Ark. Stat. Ann. § 50-415 (1947); *Autrey* v. *Lake,* 195 Ark. 243, 112 S. W. 2d 434 (1937). The other basis for the department's asserted easement is a 1958 county court order that purported to condemn an 80-foot right of way, but the department failed to sustain its burden of proving that the landowners had notice or knowledge of the order. *Ark. State Highway Comm'n* v. *Anderson,* 234 Ark. 774, 354 S. W. 2d 554 (1962). Until such notice is given the one-year statute of limitations against the landowners' claim to compensation is not set in motion. *Greene County* v. *Hayden,* 175 Ark. 1067, 1 S. W. 2d 803 (1928).

Next, the appellant insists that the county court had exclusive jurisdiction to fix the amount of the landowners' compensation. Here, however, the highway department affirmatively invoked the jurisdiction of the chancery court and filed a bond guaranteeing that it would pay "the just and full amount of any judgment or settlement that may be entered in this cause." In those circumstances the department is not in a position to question the jurisdiction of the forum of its own choosing. (Here that rule is demonstrably just, for while this case was pending the landowners did file a claim in the county court, only to have it rejected because the county had no funds whatever with which to pay the claim.)

Finally, the department argues that the award of $5,500 is excessive. Marlar testified that the taking, and especially the destruction of two magnificent shade trees in front of his house, had decreased the value of his property by at least $10,000. Two expert witnesses testifying in his behalf fixed the damage at $6,000 and $5,000. On the other hand, an appraiser for the highway department testified that in his opinion the benefits to be derived from a paved highway were equal to the damage suffered by the landowners, so that they were en-

titled to recover nothing. After studying the proof we cannot say that the chancellor's decision is against the weight of the evidence.

Affirmed.

BROWN, J., disqualified.