556

5-2942                                            367 S. W. 2d 236

Opinion delivered May 6, 1963.

*Dowell Anders* and *Don Gillaspie,* for appellant.

*Bruce Bennett,* for appellee.

SAM ROBINSON, Associate Justice. Appellee, Mrs. Jewel W. James, filed this suit to enjoin the Highway Commission from using as a part of the right of way of Highway 79, a small piece of land appellee claims that she owns. The Highway Commission has appealed from a decree holding that appellee owns the land involved.

In July, 1906, there was filed for record in Calhoun County, Arkansas, a plat of a part of the town of Thornton. Lots, blocks, and streets were set out in detail. The streets were named and dedicated to the public. North Second Street runs in a northeasterly direction, and Farrell Street runs in a northwesterly direction. These streets intersect at the north corner of block 14. The streets are 60 feet wide. Block 7 lies immediately to the northwest and across North Second Street from block 14.

In 1934 the Highway Commission acquired a portion of block 7 for the construction of Highway 79. In 1939 the Commission gave a Quitclaim Deed to Mrs. R. Hollingsworth purportedly conveying portions of North Second Street and Farrell Street not embraced within the right of way of Highway 79. In 1950 Mrs. Hollingsworth, by Quitclaim Deed, conveyed to appellee herein, Mrs. Jewel W. James, the purported interest she had acquired in the streets from the highway Commission.

The right of way of Highway 79 is 60 feet wide, but not all of it was used when the highway was first built. When the Highway Commission indicated it might use the entire right of way, Mrs. James filed this suit contending that by virtue of the deed from Mrs. Hollingsworth she owns a part of the land within the right of way of Highway 79.

The description in the deed from Mrs. Hollingsworth to Mrs. James is identical to the description in the deed from the Highway Commission to Mrs. Hollingsworth. Although the description in the deed is confusing, it is clear that the parties did not intend that a portion of the right of way of Highway 79 be conveyed to Mrs. Hollingsworth. The description is as follows:

"A part of the Southeast Quarter of Southwest Quarter of Section 12, Township 11 South, Range 14 West, described as follows:

"Beginning at the Northeast Corner of Block 14 in town of Thornton (original survey); thence run North 45 feet more or less to a point on the South right-of-way line of Highway No. 79; thence along South right-of-way line (Southwesterwardly) 225 feet more or less to a point; thence South 35 feet more or less to the Northwest Corner of Block 14; thence along the North line of Block 14 in an Easterly direction 225 feet more or less to the point of beginning."

It will be seen from the deed that it takes in no part of the right of way of Highway 79. In fact, 45 feet North of the "Northeast" Corner of Block 14 would end somewhere near the middle of Farrell Street; it would not go as far as the South right of way line of Highway 79. Then, according to the deed, the line of the property conveyed runs along the South right of way line Southwesterly 225 feet; thence South 35 feet, etc. Thus it will be seen that the description in the deed does not take in any part of the right of way of Highway 79. Moreover, there is attached to the deed, a plat showing the property that the parties intended to be conveyed by the deed from the Highway Commission to Mrs. Hollingsworth, and from Mrs. Hol-

558

lingsworth to Mrs. James. It does not show that any part of Highway 79 was conveyed by those deeds.

Reversed with directions to dismiss the complaint.